THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
HAROLD SCHAEFER, Defendant-Appellee.

First District (6th Division)   No. 1—90—0077

Opinion filed June 14, 1991.—Modified on denial
of rehearing October 18, 1991.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and Solita L. Pandit, Assistant State's Attorneys, of counsel), for the People.

Drunken Driving Defense Lawyers of Illinois, Ltd., of Chicago (Stephen M. Komie and Marco A. Raimondi, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County which rescinded the summary suspension of the driving privileges of defendant, Harold Schaefer. The trial court's ruling was based upon its finding that defendant had not been afforded a hearing on his petition for rescission of the summary suspension within 30 days as required by statute (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)). On appeal, the State contends that the trial court erred in finding that the mere filing of defendant's petition for rescission of the summary suspension was a sufficient request for a rescission hearing.

Defendant was arrested for driving while under the influence of intoxicating liquor (DUI) on October 3, 1989. He submitted to a breathalyzer test and registered a blood-alcohol concentration of .20. The arresting officer served defendant with immediate notice of summary suspension of his driving privileges. Ill. Rev. Stat. 1989, ch. 95½, pars. 6—208.1, 11—501.1.

On October 5, 1989, defendant's attorney filed a petition to rescind the statutory summary suspension of defendant's driving privileges. The record does not, however, include a certificate of service establishing that this petition had been served on the State in accordance with Illinois Supreme Court Rules 11 and 12. 134 Ill. 2d Rules 11, 12.

On October 20, 1989, defense counsel filed several motions in the civil and criminal proceedings against him, including a motion for civil discovery order for summary suspension hearing, a motion for discovery in the criminal prosecution, a motion to dismiss the statutory summary suspension proceeding, a motion to suppress evidence and to quash arrest, and a motion in limine in the criminal prosecution. Each of these motions was accompanied by a certificate of service attesting to the fact that a copy of the motion had been served upon opposing counsel. On that same date, defense counsel also filed notices of motion which indicated that each of these motions, in addition

to the petition to rescind, would be called for hearing at 9 a.m. on October 31, 1989.

On October 31, 1989, the parties appeared before the trial court, and the trial judge recited for the record each of the motions filed by defendant and pending before the court. The court noted that defendant had filed a motion to dismiss, a motion for civil discovery order and summary suspension hearing, in addition to a motion *in limine*, a motion for discovery, and a motion to suppress filed in the criminal prosecution. The court did not, however, mention a petition to rescind. The prosecutor inquired whether a petition to rescind was before the court. The trial judge responded that she did not see a petition to rescind in the court file, but stated that the file included the motion to dismiss which addressed itself to the civil remedies sought in the statutory summary suspension. Defense counsel inquired whether the prosecutor desired an opportunity to file a written response to defendant's motion to dismiss. The prosecutor indicated that she wanted to prepare a response and stated that the motion to dismiss was based upon legal arguments which did not require that the arresting officer testify. The court allowed the prosecutor time to file a written response to defendant's motion to dismiss, and the civil matter was continued to November 16, 1989.

When the continuance was entered, the prosecutor specifically stated she wanted it clear for the record that the officer was to be excused from the courtroom and that there was no petition to rescind on file at that time. Defense counsel made no comments whatsoever and did not attempt to correct the record by indicating that a petition for rescission had been filed on October 5, 1989. The court then granted defendant's motion for civil discovery and repeated that the cause was continued until November 16, 1989. Although defense counsel had also noticed up five other motions for 9 a.m. on October 31, 1989, he never attempted to argue any of these motions, and he did not request that the court enter rulings on them.

The parties next appeared before the court on November 14, 1989, pursuant to defense counsel's motion to advance the case for argument because defendant was to be out of town on the previously scheduled date of November 16, 1989. Although defendant's notice of motion indicated that he intended to advance the summary suspension hearing from November 16 to November 14, when the parties appeared before the court, defense counsel did not present his petition to rescind to the court and never requested a hearing or a ruling thereon.

Prior to any argument, the prosecutor stated that there still was no petition to rescind on file, and the trial court agreed. Defense counsel then stated that the State's motion to strike "takes precedence." After argument by both parties on the State's motion to strike, the trial court ordered that defendant's motion to dismiss be stricken.

The prosecutor again noted on the record that there was no petition to rescind on file. The court agreed and inquired of defense counsel whether a petition to rescind would be filed in the future. Defense counsel stated merely, "I'm not responding at all to any questions; you have heard our motion." The prosecutor stated that the officers who would be called to testify had been scheduled to appear on November 16, 1989. Because the defendant was to be out of town on that date, the cause was continued to December 4, 1989, and defense counsel agreed that his client would be present at that time.

On December 4, 1989, the prosecutor and defendant appeared, but defense counsel failed to appear. The prosecutor again noted on the record that no petition to rescind had been filed, and the trial court continued the cause to January 3, 1990.

The parties next appeared before a different trial judge on December 11, 1989, pursuant to defendant's motion to dismiss based upon the fact that defendant was not afforded a hearing on his petition for rescission within 30 days as required by statute. The State opposed the motion to dismiss, noting that the petition to rescind that appeared in the court file was a photocopy rather than an original and did not bear an original file stamp. The prosecutor also stated that defendant did not demand a hearing on October 31, 1989, the first time the case was before the court. Finally, the prosecutor argued that each time the case was called it had been noted on the record that no petition for rescission had been filed. Defense counsel responded that "it [was] not [his] duty as a lawyer to either assist [his] opponent in their case or assist the court in prosecuting [his] client."

Although the trial judge stated that he was bothered by the conduct of defendant's attorney and did not believe that such conduct was proper practice, the court found that the petition to rescind the summary suspension had been filed on October 5, 1989. Accordingly, defendant's motion to dismiss was sustained.

The State has appealed, contending that the trial court erred in rescinding the summary suspension of defendant's driving privileges because defendant was not afforded a hearing on his petition to rescind within 30 days.

Section 2—118.1(b) of the Illinois Vehicle Code provides as follows:

"Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearings shall proceed in the court in the same manner as in other civil proceedings." Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

Thus, the terms of section 2—118.1(b) allow that the hearing on a defendant's petition to rescind a summary suspension may be held on the first appearance date reflected on the uniform traffic ticket or within 30 days of defendant's request. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b); *People v. Gerke* (1988), 123 Ill. 2d 85, 91, 525 N.E.2d 68, 71; *People v. Webb* (1989), 182 Ill. App. 3d 908, 913, 538 N.E.2d 744, 746; *People v. Grange* (1989), 181 Ill. App. 3d 981, 984, 537 N.E.2d 1153, 1155.) This 30-day time period is mandatory. *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 922, 510 N.E.2d 614, 617.

In the instant case, defendant's petition to rescind was filed on October 5, 1989, and the statutory 30-day period expired on November 4, 1989. The first appearance date scheduled in defendant's case was October 31, 1989, 26 days after his petition had been filed. It is undisputed that defendant did not receive a hearing on his petition to rescind within 30 days of the filing of the petition or on the first appearance date shown on the uniform traffic ticket.

The State has, however, appealed the rescission of the summary suspension of defendant's driving privileges, asserting that the mere filing of the petition to rescind was not a sufficient request for a hearing under section 2—118.1(b) of the Illinois Vehicle Code. Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

A review of the applicable Illinois case law reveals that the decisions are in conflict as to whether the filing of a petition to rescind is sufficient to commence the running of the 30-day period under section 2—118.1(b).

In *People v. Johnson* (1990), 202 Ill. App. 3d 809, 560 N.E.2d 430, the third district held that the defendant's obligation had been satis-

fied by the mere filing of a petition to rescind. Once the defendant's burden had been met, the burden shifted to the State to ensure that a hearing date was set within 30 days. (*Johnson*, 202 Ill. App. 3d at 811-12, 560 N.E.2d at 431.) In reaching its decision, the court specifically noted that the sufficiency of the petition was not in dispute and that a copy of the petition had been sent to the State's Attorney's office. (*Johnson*, 202 Ill. App. 3d at 811, 560 N.E.2d at 431.) In the instant case, however, the record does not contain a certificate of service indicating that a copy of the petition to rescind had been sent to the prosecutor.

In *People v. Grange* (1989), 181 Ill. App. 3d 981, 537 N.E.2d 1153, the second district held that section 2—118.1(b) requires more than the mere filing with the circuit court clerk of a petition to rescind before defendant's statutory right to a hearing within 30 days begins to run. (*Grange*, 181 Ill. App. 3d at 986, 537 N.E.2d at 1156.) The court's decision was predicated upon its conclusion that unless a motion is brought to the attention of the court and the court is asked to rule on it, the motion is not effectively made. (*Grange*, 181 Ill. App. 3d at 986, 537 N.E.2d at 1156-57; *City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 514 N.E.2d 508; *People v. Beardsley* (1985), 139 Ill. App. 3d 819, 487 N.E.2d 731.) The court acknowledged that the burden to proceed and the burden of proof in a rescission hearing are placed upon the defendant. *Grange*, 181 Ill. App. 3d at 986, 537 N.E.2d at 1156; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402.

The *Grange* court noted that the defendant had never sought a hearing date before the court and did not attempt to bring his petition before the court for a ruling in any manner prior to the date on which he moved for dismissal for failure to hold a timely hearing. The court concluded that the mere filing in the clerk's office of a petition for a rescission hearing, with no attempt by defendant to obtain from the court a hearing date, does not meet the burden placed upon defendant under the section 2—118.1(b), and such a request for a hearing must be brought to the attention of the court so that a hearing date can be set. *Grange*, 181 Ill. App. 3d at 986-87, 537 N.E.2d at 1157.

The *Grange* court relied upon the decisions in *People v. Joiner* (1988), 174 Ill. App. 3d 927, 529 N.E.2d 268, and *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614, where it was held that because the defendant had requested a substitution of judges after initially requesting a rescission hearing, the 30-day time limit began to run anew from the

time the new judge was furnished with a request for a rescission hearing. *Joiner*, 174 Ill. App. 3d at 929, 529 N.E.2d at 270; *In re Trainor*, 156 Ill. App. 3d at 923, 510 N.E.2d at 617-18.

The holding in *Grange* was followed by the fifth district in *People v. Sowers* (1990), 203 Ill. App. 3d 1059, 561 N.E.2d 469, where the court held that the mere filing of a petition to rescind does not commence the running of the statutory 30-day period and that a defendant must, at the very least, make an attempt to have his petition for rescission heard by the court. *Sowers*, 203 Ill. App. 3d at 1060, 561 N.E.2d at 470-71.

Considering the facts of the instant case, we find the reasoning employed by the court in *People v. Grange* (1989), 181 Ill. App. 3d 981, 537 N.E.2d 1153, persuasive. Unlike the situation in *Johnson*, defendant here never brought his petition for rescission to the attention of the trial court and made no attempt to obtain a ruling on the petition prior to the date on which he moved for dismissal for failure to hold a timely hearing.

Moreover, the record does not contain a certificate of service or any other evidence indicating that the petition for rescission had been served upon the prosecutor. (*Cf. Johnson*, 202 Ill. App. 3d at 811, 560 N.E.2d at 431.) In his petition for rehearing, defendant argues that a copy of the petition to rescind had been served upon opposing counsel. This claim is not, however, supported by the pleadings and documents in the record.

The record reflects that each motion filed by defendant on October 20, 1989, has attached to it a separate certificate of service bearing the signature of Yvonne DeMuyt and attesting to the fact that a copy of the motion was served upon opposing counsel on October 18, 1989. Yet, the petition to rescind, filed on October 5, 1989, does not have attached to it a certificate of service. Defendant's petition for rehearing before this panel directs the court's attention to two notices of motion appearing at pages 25 and 50 of the record. Defendant contends that these notices of motion, and proofs of service thereof, were sufficient to comply with the service requirements in Supreme Court Rules 11 and 12 (134 Ill. 2d Rules 11, 12). Defendant's contention must fail.

The proofs of service which appear at the bottom of the notice of motion forms attest only to the fact that each notice of motion had been served upon opposing counsel. They do not indicate that the petition to rescind had been served upon the prosecutor. Thus, contrary to defendant's claim, the record does not reflect that a copy of the

petition to rescind was ever served upon the prosecuting attorney in this case.

The record reveals that on at least three separate occasions, defense counsel opted to say nothing when the court and the prosecutor specifically stated for the record that no petition to rescind had been filed. On another occasion, when the trial judge posed a question to defense counsel directly and inquired whether a petition to rescind would be filed in the future, defense counsel stated merely, "I'm not responding at all to any questions; you have heard our motion." At the hearing on defendant's motion to dismiss for failure to hold a timely hearing, defense counsel stated that "it [was] not [his] duty as a lawyer to either assist [his] opponent in their case or assist the court in prosecuting [his] client."

We note that although defense counsel was obligated to zealously represent the interests of his client, he was also an officer of the court with an obligation to ensure that matters before the court be decided fairly. This obligation carries with it the duty to clarify or correct any confusion over whether a petition had been filed, the requirement that counsel promptly and truthfully respond to the court when a question as to the filing of such a petition has been posed to counsel for both parties, and certainly includes the necessity that defense counsel answer the trial court's direct inquiry as to whether a petition to rescind would be filed in the future.

In the case at bar, the record indicates that defense counsel filed the petition for rescission on October 5, 1989, but the record does not establish that a copy of the petition was ever served on opposing counsel. On more than one occasion, the comments of the trial judge indicated that she had examined the contents of the court file and that a petition to rescind was not among the documents that had been filed. The original file-stamped petition did not appear in the court file on any of the court dates for this case, and the file-stamped copy of the petition to rescind was not discovered in the court file until defense counsel appeared on his motion to dismiss on December 11, 1989.

Each time the question of the existence of a petition to rescind was raised before the court, defense counsel either did not respond at all, or he made another ambiguous statement which failed to advise the court or the prosecutor that the petition was pending and that the statutory 30-day time period was running. The first court appearance was October 31, 1989, only 26 days after the petition had been filed. It appearing that no petition to rescind had been filed or was pending on that date, the prosecutor specifically stated for the record that the

arresting officer was to be excused from the courtroom. The trial judge agreed, since no petition to rescind was in the court file. These comments indicate that the officer had been present and that a timely hearing on the petition could have been held at that time if defense counsel had correctly advised the court that the petition had been filed and was pending. This he did not do.

Rather, defense counsel filed the petition and then did nothing more until the 30-day time period had expired. He never brought the petition to the court's attention or requested a ruling. He merely allowed the petition to sit until it was necessary for the court to rescind the summary suspension because a timely hearing had not been held.

Defendant's petition for rehearing also directs this panel's attention to the two docket entries on the half-sheet which indicate that the State requested a continuance of the cause on October 31, 1989, and again on November 14, 1989. Defendant argues that no delay was attributable to him and that the failure to hold a summary suspension hearing before December 4, 1989, deprived him of his right to a prompt hearing and the due process protections provided thereby.

Careful review of the transcripts of these hearings reveals, however, that on October 31, 1989, defense counsel inquired whether the prosecutor desired an opportunity to file a written response to defendant's motion to dismiss. The prosecutor indicated that she wanted to prepare a response and stated that because the motion to dismiss was based upon legal arguments, the arresting officer was not required to testify. The court allowed the prosecutor time to file a written response to defendant's motion to dismiss, and the civil matter was continued to November 16, 1989.

Thus, the record indicates that the prosecutor and the trial judge were not advised that defendant had filed a petition for rescission and that the time period for holding a prompt hearing was running. The continuance of the cause which was entered on October 31, 1989, was not requested because the State was unprepared to participate in a hearing on a petition to rescind. Indeed, the record reflects that the arresting officer was present at that time and was excused because no such hearing had been requested by the defendant.

The record reveals further that on November 14, 1989, the parties appeared before the court pursuant to defendant's motion to advance the cause for argument because he was to be out of town on the previously scheduled date of November 16, 1989. Defense counsel did not present the petition for rescission to the court and did not request a hearing or ruling on the petition. The arresting officer had been scheduled and prepared to appear on November 16, 1989, but the

cause was continued to December 4, 1989, because the defendant would be unavailable on the 16th of November. Thus, although the half-sheet docket entry indicates that the cause was continued on the motion of the State, the transcript of the proceedings in the record reflects that, in fact, the cause was rescheduled for the defendant and to accommodate his travel plans.

We find that the continuances of defendant's case were entered on dates before the court and the prosecutor were advised that the petition for rescission had been filed and that defense counsel failed to inform them of the filing of the petition despite numerous opportunities to do so.

Defendant's petition for rehearing before this court also refers to a comment made by the prosecutor on November 14, 1989, which defendant contends indicates that the prosecutor was aware that the petition had been filed prior to that time. The transcript of the proceedings for that date reflects that twice during that hearing the prosecutor stated that no petition to rescind had been filed, and the court agreed. Defense counsel never indicated otherwise. Moreover, the record reflects that the prosecutor repeatedly stated during the numerous other scheduled court appearances that no petition to rescind had been filed. Notwithstanding the comment referred to by defendant in the petition for rehearing, we believe the record establishes that neither the prosecutor nor the court became aware that a petition to rescind had been filed until sometime after December 4, 1989.

On the particular facts presented this case, where it is clear that the trial court and the State believed that no petition for rescission had been filed, we find that the reasoning employed by the court in *Grange* controls. Consequently, we hold that the trial court's rescission of the statutory summary suspension of defendant's driving privileges must be reversed.

In his petition for rehearing, defendant urges that his constitutional right to due process has been violated by the fact that he did not receive a hearing on his petition to rescind within the 30-day time period set forth in the statute. The record established, however, that the defendant merely filed with the clerk of the circuit court a petition to rescind, without notice to opposing counsel and without bringing the petition to the attention of the court or requesting a ruling thereon. Thus, defendant's request for a summary suspension hearing was not effectively made. (*Grange*, 181 Ill. App. 3d at 986, 537 N.E.2d at 1156-57.) Consequently, we do not believe that defendant has been deprived of the right to due process.

Defendant has argued that the instant appeal should be dismissed because the State waived the right to raise this issue on appeal. We do not agree. The record reflects that the prosecutor cited the *Webb* and *Trainor* decisions in arguing that the statutory summary suspension should not be rescinded. At that time, she clearly asserted to the trial court her position that the mere filing of the petition was insufficient to commence the running of the statutory 30-day period. We find that this issue has been properly preserved for review, and we decline to dismiss the appeal on this basis.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

RAKOWSKI, P.J., and EGAN, J., concur.