(No. 72884.—
(No. 72946.—
(No. 72996.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HAROLD SCHAEFER, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT MICHAEL HILL, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JACK E. PUCKETT, Appellee.

*Opinion filed February 25, 1993.*

MILLER, C.J., specially concurring.

Stephen M. Komie and Marco A. Raimondi, of Komie & Associates, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb, Randall E. Roberts, Theodore Fotios Burtzos and David J. Stabrawa, Assistant State's Attorneys, of counsel), for the People.

Richard H. Parsons and Kevin F. Sullivan, both of Peoria, for *amicus curiae* Illinois Attorneys for Criminal Justice.

Rex L. Reu, of Thomson & Weintraub, of Bloomington, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb, Randall E. Roberts, Theodore Fotios Burtzos and David J. Stabrawa, Assistant State's Attorneys, of counsel), for the People.

Richard H. Parsons and Kevin F. Sullivan, both of Peoria, for *amicus curiae* Illinois Attorneys for Criminal Justice.

Roland W. Burris, Attorney General, of Springfield, Marshall E. Douglas, State's Attorney, of Rock Island, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, Renee Goldfarb, Randall E. Roberts, Theodore Fotios Burtzos and David J. Stabrawa, Assistant State's Attorneys, and Kenneth R. Boyle, John X. Breslin and Terry A. Mertel, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Mark A. Appleton and Gregory J. McHugh, of Appleton & McHugh, of Aledo, for appellee.

Richard H. Parsons and Kevin F. Sullivan, both of Peoria, for *amicus curiae* Illinois Attorneys for Criminal Justice.

JUSTICE BILANDIC delivered the opinion of the court:

In these consolidated appeals, we are asked to decide when the statutory 30-day period within which a hearing must be held on a defendant's petition to rescind the summary suspension of driving privileges commences to run.

In each of the cases, it is undisputed that the defendant's challenge to the summary suspension of driving privileges must be heard within the statutory 30-day period, unless the delay is occasioned by the defendant, and that failure to conduct the hearing within the 30-day period violated the defendant's due process rights. *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 923.

This court held, in *People v. Gerke* (1988), 123 Ill. 2d 85, that the statute at issue created two alternative dates for hearing on a defendant's challenge to summary suspension: (1) on the first court date set in the traffic citation issued to the motorist (which must be between 14 and 49 days after the date of the arrest) (134 Ill. 2d R. 504); or (2) within 30 days of a defendant's written request for a hearing on his petition to rescind (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)). It was contemplated that the motion to rescind made on the court date set by the traffic citation could be oral or written. These consolidated cases do not involve an oral motion for a hearing on the date set in the traffic citation.

Each of the cases before us involves the filing of a written petition to rescind the summary suspension of driving privileges with the clerk of the circuit court of

venue. The governing statute, section 2—118.1(b) of the Illinois Vehicle Code, provides in relevant part:

"Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, *** the hearing shall be conducted by the circuit court having jurisdiction." Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

There is a conflict of opinion between the various appellate court districts. One line of cases holds that the statutory 30-day period begins to run upon the filing of a proper petition, served upon the State, in accordance with rules of this court and rules of practice of the circuit court of venue. (*People v. Johnson* (1990), 202 Ill. App. 3d 809, 811.) The other line of cases holds that the mere filing of the petition is not enough. The petitioner must also make an active attempt to have the matter heard by the court. *People v. Grange* (1989), 181 Ill. App. 3d 981, 986.

## PREFATORY NOTE

In order to analyze the common issue presented in these cases, it is first necessary to explain the Illinois statutory scheme for dealing with those who drive while under the influence of an intoxicating substance. Pursuant to section 11—501 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501), individuals are prohibited from driving any vehicle within Illinois while under the influence of alcohol, drugs or a controlled substance. Any person convicted of violating this statute is subject to

criminal penalties. Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(c), (d).

In addition to criminal penalties, motorists are subject to suspension of their drivers' licenses. Under section 11—501.1 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1), any person who drives on an Illinois public highway and is arrested for violating section 11—501 is deemed to have given implied consent to a blood, breath, or urine test to determine whether he or she is under the influence of alcohol or drugs. Prior to administering the test, the officer is required to warn the driver that refusal to take the test or failure to pass the test will result in the suspension of his or her driving privileges. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c).) An individual fails a blood, breath or urine test if his or her alcohol concentration is 0.10 or greater, or if the presence of cannabis or any controlled substance is detected. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c).) The Illinois legislature has determined that drivers impaired by alcohol or drugs pose a threat to "public safety and welfare," and that the suspension of driving privileges represents an appropriate means to deter and remove these "problem drivers" from the highway. Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1.

Once a driver fails or refuses testing, the officer must serve the person with notice of the suspension of his or her driving privileges, which becomes effective 46 days after notice of the suspension is given. (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.1(f), (g).) In addition, the officer must submit a sworn report, regarding the driver's refusal to take the test or failure to pass the test, to the circuit court of venue and the Secretary of State. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(d).) Upon receipt of this report, the Secretary of State notes the suspension on the person's driving record for the period set forth in section 6—208.1 of the Code (Ill. Rev. Stat.

1989, ch. 95½, par. 6—208.1 (establishing the length of time for which a person's driving privileges may be suspended)), and confirms the suspension by mailing notice of the effective date of suspension to the motorist and the court of venue (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.1(e), (h)). This court has held that the summary suspension of a driver's license as provided for in section 11—501.1 does not violate an individual's due process rights under the United States Constitution or the Illinois Constitution. *People v. Esposito* (1988), 121 Ill. 2d 491.

In conjunction with notice of the impending suspension, the driver must also be informed that he or she has the right to request a hearing on the suspension pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1). In *People v. Gerke* (1988), 123 Ill. 2d 85, 93, this court held that the statutory summary suspension of a driver's license is an administrative function of the Secretary of State.

It is significant that the statutory summary suspension is an administrative function of the Secretary of State. In compliance with this statutory administrative function, the Secretary of State mails a confirmation of the effective date of the suspension to the motorist and the court of venue. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(h).) The form used by the Secretary of State is entitled:

"Circuit Court in the County of _____
*CONFIRMATION OF STATUTORY SUMMARY SUSPENSION*"

In pertinent part, it states:

"Pursuant to the provisions of Section 11—501.1 of The Illinois Vehicle Code, THIS IS A CONFIRMATION that your Illinois driver's license or driving permit and your privilege to drive a motor vehicle, or to obtain a

driver's license in Illinois, IS SUSPENDED EFFEC-
TIVE ON THE DATE SHOWN ABOVE.

\* \* \*

IMPORTANT—READ CAREFULLY

*PETITION FOR JUDICIAL REVIEW*: You have the
right to petition for judicial review of the Statutory Sum-
mary Suspension. Petitions must be filed in writing and
submitted to the Clerk of the Circuit Court of the County
shown on the front of this Confirmation of Statutory
Summary Suspension.

The petition must state which issue(s) listed below you
are using as grounds upon which to have the Summary
Suspension rescinded. The hearing will be limited to the
issue(s) specified in the petition.

  a. Whether you were lawfully placed under arrest for
     violation of Section 11—501, or a similar provision
     of a local ordinance, relating to driving while un-
     der the influence of alcohol, other drug, or combi-
     nation thereof;

  b. Whether the arresting officer had reasonable
     grounds to believe that you were driving or in ac-
     tual physical control of a motor vehicle while un-
     der the influence of alcohol, other drug, or combi-
     nation thereof;

  c. Whether you were advised of your rights under
     Section 11—501.1 of The Illinois Vehicle Code;

  d. Whether you refused the test or tests, or whether
     you submitted to a test which indicated an alcohol
     concentration of 0.10 or more."

The hearing on the suspension must occur on the
court date written on the traffic citation which was is-
sued to the motorist, or within 30 days of a written re-
quest for a hearing. (Ill. Rev. Stat. 1989, ch. 95½, par.
2—118.1(b).) This hearing is a civil proceeding. (Ill. Rev.
Stat. 1989, ch. 95½, par. 2—118.1(b).) The criminal
charge of driving while under the influence of alcohol or
drugs (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501) is con-
sidered in a separate hearing. The dismissal of a criminal
charge does *not* result in an automatic rescission of the

suspension. (*People v. Gerke* (1988), 123 Ill. 2d 85; *People v. Schuld* (1988), 175 Ill. App. 3d 272.) It is the timing of the civil suspension hearing which is at issue in the consolidated cases before us.

Having explained the Illinois statutory scheme for dealing with individuals who are charged with driving while under the influence of alcohol or drugs, we now proceed to the issue presented in these consolidated appeals.

## I. Defendant Puckett, No. 72996

The record establishes that on November 3, 1990, defendant Jack E. Puckett (Puckett) was arrested for driving under the influence of alcohol in violation of section 11—501 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)). He was issued a traffic citation, which directed him to appear in court on November 26, 1990. The arresting officer also served the defendant with notice of the summary suspension of his driving privileges for his refusal to submit to a breathalyzer test. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(f).) The suspension was to take effect on December 19, 1990, the 46th day after notice of suspension was given to the defendant. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(g).) A sworn report indicating the defendant's refusal to take the breathalyzer test was sent to the Secretary of State and the circuit court of Rock Island County. Upon receipt of the report, the Secretary of State sent a confirmation of the suspension to the defendant and the circuit court of Rock Island County, indicating that his license would be suspended as of December 19, 1990.

On December 7, 1990, Puckett filed a written petition with the clerk of the circuit court of Rock Island County entitled a "Petition for Judicial Review" seeking to rescind the summary suspension of his driving privileges.

(See Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).) The petition contained a proof of service affidavit, which stated that a copy of the petition had been mailed to the prosecutor on that date. At the same time that he filed the petition with the clerk, Puckett requested a hearing; however, a hearing date was not set at that time. The clerk informed Puckett that the clerk's office would set the hearing date and send out notice.

The clerk, however, failed to set a hearing date. After more than 30 days had passed since he filed his petition, during which period no hearing was held, Puckett filed a motion to immediately rescind the suspension of his driving privileges for lack of a timely hearing. On January 23, 1991, the trial court denied the defendant's motion. The trial court then granted the defendant's motion to reconsider on January 25, 1991. Following a hearing, the court held that the defendant had not been given a hearing within 30 days from filing the petition on December 7, 1990, and therefore ordered the rescission of Puckett's suspension.

The appellate court affirmed the judgment of the trial court. (221 Ill. App. 3d 594.) We granted the State's petition for leave to appeal (134 Ill. 2d R. 315).

The third district of the appellate court held that the mere filing of a proper petition to rescind the summary suspension, with proper service of said petition on the State, complies with the statutory request for a hearing. (221 Ill. App. 3d 594.) Therefore, the 30-day period within which the hearing must be held commences with the filing of the petition by the defendant. The appellate court followed its prior opinion in *People v. Johnson* (1990), 202 Ill. App. 3d 809. In *Johnson* and the case below, it is undisputed that the defendant motorist filed a written petition to rescind which complied with statutory requirements, and properly served the petition on the State in compliance with court rules. However, the peti-

tioner in *Johnson* and defendant Puckett took no steps to set the matter for hearing after filing the petition. The *Johnson* court rejected the State's argument that it was the petitioner's burden to secure a hearing date within 30 days of filing the petition. (*Johnson*, 202 Ill. App. 3d at 811-12.) The *Johnson* court held:

"[T]he Petitioner met the initial filing requirements of section 2—118.1 and thus fulfilled his burden of proceeding with the petition. Once those requirements were met, the burden shifted to the State to ensure that a hearing date was set within 30 days. The State did not meet its burden." (*Johnson*, 202 Ill. App. 3d at 811-12.)

The appellate court below stated that it was aware that other districts of the appellate court reached a different conclusion. The court stated:

"In order to grant the State's requested relief, we would have to reverse our decision in *Johnson*. We decline to do so. *** The statute requires that the petitioner make a written request for a judicial hearing to the circuit court of venue. Petitioner met this requirement by filing his petition for judicial review with the clerk of the circuit court and by sending a copy of the petition to the State's Attorney's office." 221 Ill. App. 3d at 597.

The court then emphasized that the petitioner did exactly as he was instructed by the Office of the Secretary of State in its "Confirmation of Statutory Summary Suspension," which advised the petitioner as follows:

"You have the right to petition for judicial review of the Statutory Summary Suspension. Petitions must be filed in writing and submitted to the Clerk of the Circuit Court of the County shown on the front of this Confirmation of Statutory Summary Suspension."

It concluded that since petitioner did not cause any delay and a hearing was not held within 30 days of filing the petition, due process required that the summary suspension of the motorist's driving privileges must be rescinded. (221 Ill. App. 3d 594.) We agree.

We recognize that the judicial system of this State has 22 judicial circuits to serve the 102 counties of this State. Implied-consent legislation was enacted to serve the entire State, as does the Code of Civil Procedure. Its purpose was to protect persons who travel the highways. (*Koss v. Slater* (1987), 116 Ill. 2d 389, 395.) The principal concern in enacting this legislation was to protect travelers while at the same time protecting the constitutional rights of the motorists who may be charged with driving under the influence of an intoxicating substance. Once a driver's license is issued, it is considered a property interest under protection of the due process clause of the United States and Illinois Constitutions. (*Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586; *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101.) It is for this reason that the statutory summary suspension becomes effective 46 days after notice of suspension is given (Ill. Rev. Stat. 1989, ch. 95½, pars. 11–501.1(f), (g)), and the elaborate procedure is codified in order to guarantee notice and an opportunity to be heard. This satisfied the concern for protection of the substantive and procedural due process rights of motorists as guaranteed by the United States and Illinois Constitutions.

We conclude that the 30-day statutory period commences on the date of the filing of a proper petition to rescind in the circuit court of venue, with service on the State, in accordance with the rules of this court. The burden to set the court hearing date would then shift to the State. The State is in the best position to know court schedules, court dates for police officers, and the other matters incident to an orderly administration of this legislation.

We approve the reasoning and result in *People v. Johnson* (1990), 202 Ill. App. 3d 809. We also approve *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, to the extent that it states:

"We hold that in order to comply with due process requirements, the hearing required in section 2—118.1 must be held within the 30 days *unless delay is occasioned by the defendant*, and failure to do so will require rescission of the suspension." (Emphasis added.) (156 Ill. App. 3d at 923.)

Accordingly, the judgments of the appellate court and circuit court, in No. 72996, are affirmed.

## II. Defendant Hill, No. 72946

On March 3, 1991, defendant Robert Michael Hill (Hill) was arrested for driving under the influence of alcohol in violation of section 11—501 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)). He was issued a traffic citation, which directed him to appear in court on April 9, 1991. The arresting officer also served the defendant with notice of the summary suspension of his driving privileges for his refusal to submit to a blood-alcohol test. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(f).) The suspension was to take effect on April 18, 1991, the 46th day after notice of suspension was given to the defendant. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(g).) A sworn report indicating his refusal to take the blood-alcohol test was sent to the Secretary of State and the circuit court of McLean County. Upon receipt of the report, the Secretary of State sent a confirmation of the suspension to the defendant indicating that his license would be suspended as of April 18, 1991.

On Friday, March 15, 1991, defense counsel filed a written petition with the McLean County circuit court clerk entitled "Petition to Rescind Summary Suspension." (See Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).) In the petition, the defendant requested a hearing to contest the summary suspension of his driving privileges. The petition contained a proof of service affidavit, which stated that a copy of the petition had

been mailed to the prosecutor on that date. On that same day, immediately after filing the petition with the circuit court clerk, defense counsel personally carried the court file to the chambers of the assigned judge in order to obtain a hearing date. The custom and practice in the McLean County circuit court is for the assigned judge's secretary to set hearings on pending motions and petitions. Since neither the judge nor his secretary was available, defense counsel left the file on the secretary's desk with a note requesting a hearing date.

On the morning of Monday, March 18, 1991, the judge's secretary phoned defense counsel to inform him that the hearing was set for April 10, 1991, a date within the statutory 30-day period. The judge's secretary then directed defense counsel to give notice to the State of the scheduled hearing date. Defense counsel notified the prosecutor of the date set by the court for the hearing on defendant's petition to rescind.

On April 1, 1991, the State filed a motion for continuance since the arresting officer would be out of town on the scheduled date of April 10, 1991. The State's motion was heard on April 9, 1991. The State asked for a continuance to April 16, 1991. Defense counsel objected to the continuance on the ground that a continuance to April 16, 1991, would result in a hearing beyond the 30-day period required by statute. Despite the objection, the court granted the motion and continued the case to April 16, 1991, a date more than 30 days following the filing of the defendant's petition.

On April 15, 1991, the defendant filed a motion to rescind the summary suspension of his driving privileges for failure to hold a hearing on his petition within the 30-day statutory period. This motion was heard on April 16, 1991, and was denied.

The appellate court affirmed the judgment of the trial court. (219 Ill. App. 3d 259.) We allowed the defendant's petition for leave to appeal (134 Ill. 2d R. 315).

The fourth district of the appellate court adopted the reasoning of the second district of the appellate court in *People v. Grange* (1989), 181 Ill. App. 3d 981. The *Grange* court held that "the mere filing with the circuit court clerk of a petition requesting a hearing does not start the running of the 30-day time period in which a hearing is to be held but that, to be sufficient, such a request for a hearing must be brought to the attention of the court so that a hearing date can be set." *Grange*, 181 Ill. App. 3d at 987.

We conclude that under the facts of this case, Hill filed a proper petition to rescind the summary suspension of his driving privileges with the clerk of the circuit court of venue and served the State with a copy of the petition in accordance with court rules. In addition, he acted diligently, in accordance with local court rules and custom, to set an early date for a court hearing. He objected to a continuance requested by the State and informed the court that his objection was based on the statutory requirement of a hearing within 30 days of filing the petition. When his objection was overruled, he filed a timely motion asking the court to rescind the summary suspension of his driving privileges. The trial court erred in denying his petition to rescind.

We also note that the appellate court would have erred in affirming the judgment of the trial court under the standard of *People v. Grange* (1989), 181 Ill. App. 3d 981, because, under the facts of this case, Hill complied with the requirements of that case. However, we have concluded that the reasoning in *People v. Johnson* (1990), 202 Ill. App. 3d 809, is preferable to *Grange*. Hill also met this standard.

Accordingly, the judgments of the appellate court and circuit court, in No. 72946, are reversed.

## III. Defendant Schaefer, No. 72884

The appellate court recited the factual background of this case clearly and concisely. Therefore, rather than undertake this task anew, we will adopt the work product of the appellate court:

"Defendant was arrested for driving while under the influence of intoxicating liquor (DUI) on October 3, 1989. He submitted to a breathalyzer test and registered a blood-alcohol concentration of .20. The arresting officer served defendant with immediate notice of summary suspension of his driving privileges. Ill. Rev. Stat. 1989, ch. 95½, pars. 6—208.1, 11—501.1.

On October 5, 1989, defendant's attorney filed a petition to rescind the statutory summary suspension of defendant's driving privileges. The record does not, however, include a certificate of service establishing that this petition had been served on the State in accordance with Illinois Supreme Court Rules 11 and 12. 134 Ill. 2d Rules 11, 12.

On October 20, 1989, defense counsel filed several motions in the civil and criminal proceedings against him, including a motion for civil discovery order for summary suspension hearing, a motion for discovery in the criminal prosecution, a motion to dismiss the statutory summary suspension proceeding, a motion to suppress evidence and to quash arrest, and a motion *in limine* in the criminal prosecution. Each of these motions was accompanied by a certificate of service attesting to the fact that a copy of the motion had been served upon opposing counsel. On that same date, defense counsel also filed notices of motion which indicated that each of these motions, in addition to the petition to rescind, would be called for hearing at 9 a.m. on October 31, 1989.

On October 31, 1989, the parties appeared before the trial court, and the trial judge recited for the record each of the motions filed by defendant and pending before the

court. The court noted that defendant had filed a motion to dismiss, a motion for civil discovery order and summary suspension hearing, in addition to a motion *in limine*, a motion for discovery, and a motion to suppress filed in the criminal prosecution. The court did not, however, mention a petition to rescind. The prosecutor inquired whether a petition to rescind was before the court. The trial judge responded that she did not see a petition to rescind in the court file, but stated that the file included the motion to dismiss which addressed itself to the civil remedies sought in the statutory summary suspension. Defense counsel inquired whether the prosecutor desired an opportunity to file a written response to defendant's motion to dismiss. The prosecutor indicated that she wanted to prepare a response and stated that the motion to dismiss was based upon legal arguments which did not require that the arresting officer testify. The court allowed the prosecutor time to file a written response to defendant's motion to dismiss, and the civil matter was continued to November 16, 1989.

When the continuance was entered, the prosecutor specifically stated she wanted it clear for the record that the officer was to be excused from the courtroom and that there was no petition to rescind on file at that time. Defense counsel made no comments whatsoever and did not attempt to correct the record by indicating that a petition for rescission had been filed on October 5, 1989. The court then granted defendant's motion for civil discovery, and repeated that the cause was continued until November 16, 1989. Although defense counsel had also noticed up five other motions for 9 a.m. on October 31, 1989, he never attempted to argue any of these motions, and he did not request that the court enter rulings on them.

The parties next appeared before the court on November 14, 1989, pursuant to defense counsel's motion to advance the case for argument because defendant was to be out of town on the previously scheduled date of November 16, 1989. Although defendant's notice of motion indicated that he intended to advance the summary sus-

pension hearing from November 16 to November 14, when the parties appeared before the court, defense counsel did not present his petition to rescind to the court and never requested a hearing or a ruling thereon.

Prior to any argument, the prosecutor stated that there still was no petition to rescind on file, and the trial court agreed. Defense counsel then stated that the State's motion to strike 'takes precedence.' After argument by both parties on the State's motion to strike, the trial court ordered that defendant's motion to dismiss be stricken.

The prosecutor again noted on the record that there was no petition to rescind on file. The court agreed and inquired of defense counsel whether a petition to rescind would be filed in the future. Defense counsel stated merely, 'I'm not responding at all to any questions; you have heard our motion.' The prosecutor stated that the officers who would be called to testify had been scheduled to appear on November 16, 1989. Because the defendant was to be out of town on that date, the cause was continued to December 4, 1989, and defense counsel agreed that his client would be present at that time.

On December 4, 1989, the prosecutor and defendant appeared, but defense counsel failed to appear. The prosecutor again noted on the record that no petition to rescind had been filed, and the trial court continued the cause to January 3, 1990.

The parties next appeared before a different trial judge on December 11, 1989, pursuant to defendant's motion to dismiss based upon the fact that defendant was not afforded a hearing on his petition for rescission within 30 days as required by statute. The State opposed the motion to dismiss, noting that the petition to rescind that appeared in the court file was a photocopy rather than an original and did not bear an original file stamp. The prosecutor also stated that defendant did not demand a hearing on October 31, 1989, the first time the case was before the court. Finally, the prosecutor argued that each time the case was called it had been noted on the record that no petition for rescission had been filed.

Defense counsel responded that 'it [was] not [his] duty as a lawyer to either assist [his] opponent in their case or assist the court in prosecuting [his] client.'

Although the trial judge stated that he was bothered by the conduct of defendant's attorney and did not believe that such conduct was proper practice, the court found that the petition to rescind the summary suspension had been filed on October 5, 1989. Accordingly, defendant's motion to dismiss was sustained.

The State appealed, contending that the trial court erred in rescinding the summary suspension of defendant's driving privileges because defendant was not afforded a hearing on his petition to rescind within 30 days." 219 Ill. App. 3d 654, 655-57.

The appellate court reversed the judgment of the trial court. (219 Ill. App. 3d 654.) We granted the defendant's petition for leave to appeal (134 Ill. 2d R. 315).

Accepting the fact that a petition to rescind the summary suspension of driving privileges was filed by the defendant on October 5, 1989, we conclude that the petition was insufficient because it did not include a certificate of service establishing that the petition had been served on the State in accordance with Supreme Court Rules 11 and 12 (134 Ill. 2d Rules 11, 12).

In the cases of Puckett and Hill, it was undisputed that the petition was served on the State in accordance with court rules. Based on the reasoning in *People v. Johnson* (1990), 202 Ill. App. 3d 809, we have decided in favor of defendants Puckett and Hill. In reaching its decision, the court in *Johnson* specifically noted that the sufficiency of the petition was not in dispute and that a copy of the petition had been sent to the State's Attorney's office. *Johnson*, 202 Ill. App. 3d at 811.

In the case at bar, the record does not contain a certificate of service of the petition. The very existence of the petition was in doubt throughout the protracted proceedings until a photocopy surfaced before Judge Orbach

on December 11, 1989. Judge Orbach decided that more than 30 days had elapsed from the October 5, 1989, filing of the petition (without a certificate of service) and December 11, 1989, so he reluctantly granted the defendant's motion to dismiss the summary suspension of his driving privileges.

However, the proceedings before Judge Orbach, who first heard this case on December 11, 1989, provide some significant insights. In response to defendant's motion to dismiss the summary suspension, Judge Orbach stated:

"[I]t appears from what was read that counsel was afforded the opportunity to make his demand on the summary suspension on two separate occasions.

\* \* \*

The strange part from what I have heard is that when the Court said there is no petition on file there was no response from you such as saying, oh, yes, it was and it was filed on the date certain. And I am demanding trial. You could have invoked *Trainor* on November 14th. And all that we have is a court saying there is no petition on file. The State's Attorney [is] saying there is no petition on file. And you stood moot [*sic*] \*\*\*. There was still a question here as to whether a petition was on file. And you never responded to that question."

Defense counsel asserted, "The court never asked me that question nor ordered me to answer it." Judge Orbach responded:

"Let me say, Counsel, that that bothers me. That you would stand here and that there was—where the court would say a major component of the file is missing and you stand there and say nothing when you know for a fact that it is not missing. It is present in the court file. The State makes note of it and the court makes note of it and you stand there saying nothing.

Can I tell you that bothers me? Yes, I can tell you that bothers me."

Defense counsel then stated, "I respect your Honor's opinion but it is not my duty as a lawyer to either assist my opponent in their case or assist the court in prosecuting my client."

Judge Orbach's instincts were correct, but his decision was wrong. The appellate court's reversal corrected this error.

Even if defendant had served the petition (which he did not), his conduct was a cause of the delay. Therefore, it would not have mattered whether the *Johnson* or *Grange* standard was applied because defendant's petition was insufficient *ab initio* and his conduct contributed to the delay.

Accordingly, the judgment of the appellate court, in No. 72884, is affirmed.

## IV. Conclusion

The appellate court's judgment in No. 72884 is affirmed. The appellate and circuit courts' judgments in No. 72946 are reversed and the cause is remanded to the circuit court. The appellate court's judgment in No. 72996 is affirmed.

*No. 72884—Judgment affirmed.*
*No. 72946—Judgments reversed;*
*cause remanded.*
*No. 72996—Judgment affirmed.*

CHIEF JUSTICE MILLER, specially concurring:

I concur in the court's judgments in the present appeals. I do not agree, however, with the majority's suggestion that today's holdings are dictated by constitutional concerns, and for that reason I write separately.

The common question in these consolidated appeals is properly resolved as one of statutory construction, not constitutional interpretation. Accordingly, our task in

this regard is to ascertain and give effect to the legislature's intent. (*Croissant v. Joliet Park District* (1990), 141 Ill. 2d 449, 455.) That inquiry appropriately begins with the language of the statute. (*People v. Hare* (1988), 119 Ill. 2d 441, 447.) Section 2—118.1(b) of the Illinois Vehicle Code provides that the rescission hearing is to be conducted "[w]ithin 30 days after receipt of the written request" for a hearing (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)). The statute does not impose any additional duty on a driver, and I agree with the majority that the time period provided by the statute begins to run when the driver submits and properly serves a written request for a hearing, in accordance with our rules regarding service.

I do not agree, however, with the majority's further statement that every failure to conduct a hearing within the time allowed by section 2—118.1 must be deemed unconstitutional, resulting in a denial of due process. (154 Ill. 2d at 253, 261.) It is certainly true that a driver's license is a protectible property interest and that the due process clause governs its suspension or revocation. (*Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586.) Due process, however, does not invariably require a predeprivation hearing whenever the State seeks to restrict a person's driving privileges (*Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612; *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723), and we have previously found that a presuspension hearing is not required under the summary suspension provision involved here (*People v. Gerke* (1988), 123 Ill. 2d 85, 91). Because the summary suspension of a driver's license is not effective until the 46th day after the driver receives the necessary notice of that action (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(g)), the hearing provided by section 2—118.1 may occur either before or after the suspension will take effect, de-

pending on how prompt the driver is in making the request. (*People v. Esposito* (1988), 121 Ill. 2d 491, 507.) Thus, section 2—118.1(b) may afford drivers greater protection than is constitutionally required, and failure to conduct a hearing within the time limit set forth in that provision would not necessarily result in a denial of due process.

For the reasons stated, I concur in the court's judgments in the present appeals.