NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180251-U

NOS. 4-18-0251, 4-18-0336 cons.

IN THE APPELLATE COURT

FILED
September 10, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. (No. 4-18-0251) | ) | Douglas County |
| ERIC J. TURNER, | ) | No. 10DT23 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Richard Lee Broch Jr., |
| | ) | Judge Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. (No. 4-18-0336) | ) | Coles County |
| ERIC J. TURNER, | ) | No. 10TR2617 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mark E. Bovard, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the circuit courts did not err in dismissing defendant's petitions for relief from judgment.

¶ 2    Defendant, Eric J. Turner, appeals from the Douglas County and Coles County

circuit courts' orders denying his petitions for relief from judgment under section 2-1401 of the

Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2014)) in Douglas County case

No. 10-DT-23 and Coles County case No. 10-TR-2617. In this consolidated appeal, defendant

argues the circuit courts erred in denying his section 2-1401 petitions because newly discovered

evidence shows he was unfit to stand trial, and therefore his convictions for driving under the influence and driving with a suspended license must be vacated. We disagree and affirm.

¶ 3                                I. BACKGROUND

¶ 4        In April 2010, in Douglas County case No. 10-DT-23 (DUI case), the State charged defendant with driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2010)) and driving with a blood alcohol concentration of .08 or greater (*id.* § 11-501(a)(1)). On the motion of defendant, the trial court appointed Dr. Jerry Boyd to conduct a fitness examination of defendant pursuant to section 104-15 of the Code of Criminal Procedure of 1963 (725 ILCS 5/104-15 (West 2010)). On June 7, 2011, Dr. Boyd filed a report indicating in his professional opinion, defendant was fit to plead and stand trial. In July 2011, a jury found defendant guilty on both counts.

¶ 5        In July 2011, in Coles County case No. 10-TR-2617 (DWS case), the court entered an *ex parte* judgment of guilt against defendant for driving while his license was suspended (625 ILCS 5/6-303 (West 2010)).

¶ 6        In August 2011, the Douglas County circuit court sentenced defendant to 120 days in the county jail in the DUI case.

¶ 7        Defendant appealed from the judgments in both the DUI and DWS cases, and this court consolidated the cases for review. In January 2013, this court affirmed defendant's convictions in both cases. *People v. Turner*, No. 4-11-0743 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)(6)).

¶ 8        In June 2015, defendant *pro se* filed a petition for relief from judgment under section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2014)) in the DUI case, arguing (1) the fitness examination failed to report defendant had schizophrenia and defendant should have seen

a psychiatrist to adjust his medications; (2) the fitness examination centered on defendant's ability to perform on the stand and not whether he understood the accusation; (3) Dr. Boyd indicated defendant could become unfit to stand trial after the fitness examination and the examination was based only on Dr. Boyd's "own information with the accused as a former client"; (4) defendant did not understand the accusation at the time of the fitness exam to the present; (5) defendant was found unfit to stand trial in another case in 2007; and (6) the fitness examination should have been performed by a psychiatrist. In support of his petition, defendant attached a document titled "Doctor's Discharge Note" from a psychiatrist at McFarland Mental Health Center (McFarland) in Springfield which stated the following: an admission date of September 10, 2007; a discharge date of October 17, 2007; a diagnosis of schizophrenia, paranoid type; and listing discharge medications of Quetiapine and Divalproex ER.

¶ 9 In June 2015, defendant also filed a section 2-1401 petition in the DWS case, arguing if his petition in the DUI case was successful, the judgment in the DWS case would be void and must be vacated.

¶ 10 In August 2015, the Douglas County and Coles County circuit courts denied defendant's petitions in the DUI and DWS cases, respectively. Defendant appealed, arguing the circuit clerks improperly imposed various fines. *People v. Turner*, 2018 IL App (4th) 150643-U, ¶ 2. This court (1) vacated fines improperly imposed by the circuit clerks and (2) affirmed the circuit courts' denials of defendant's petitions. *Id.* ¶ 24.

¶ 11 In February 2018, defendant *pro se* filed a second petition for relief from judgment in the DUI case, asserting he was denied a fair trial because his trial counsel's "motion for a fitness examination was untimely filed without [defendant's] diagnosis of schizophrenia by a doctor" and counsel failed to preserve this issue for review. In April 2018, defendant filed a petition for relief

from judgment in the DWS case, arguing if his petition in the DUI case was successful, the judgment in the DWS case would also be void and must be vacated.

¶ 12    In April 2018, the Douglas County circuit court held a hearing on defendant's section 2-1401 petition in the DUI case. Defendant argued his counsel was ineffective for not arguing and preserving his claims. The court noted the issues with regard to the fitness examination were alleged in defendant's first section 2-1401 petition, which was affirmed by this court. Finally, the court found the issues not pertaining to defendant's trial counsel could have been raised in the earlier appeal but were not. The court also advised defendant he would be reimbursed by the circuit clerk's office for the fines vacated by this court. Defendant timely filed a notice of appeal, and this court docketed the appeal as No. 4-18-0251.

¶ 13    In May 2018, the Coles County circuit court held a hearing and denied defendant's petition in the DWS case. The court noted on appeal, this court vacated the improper fines but gave no further instructions on the merits of the case. Pursuant to this court's mandate, the court vacated the improperly imposed fines and ordered the fines refunded to defendant. Defendant timely filed a notice of appeal, and this court docketed the appeal as No. 4-18-0336.

¶ 14    In April and May 2018, this court appointed the Office of the State Appellate Defender (OSAD) to represent defendant in the DUI and DWS cases, respectively, and later consolidated the cases for review. In December 2019, this court allowed OSAD to withdraw as counsel in both cases on the ground defendant wished to proceed *pro se*.

¶ 15                              II. ANALYSIS

¶ 16    In this consolidated appeal, defendant argues newly discovered evidence requires the judgments in his DUI and DWS cases be vacated. We disagree and affirm the circuit courts' judgments.

¶ 17                                A. Section 2-1401 Proceedings

¶ 18        In criminal proceedings, a section 2-1401 petition for relief from judgment is the means to correct factual errors, not known to the petitioner or the court, that occurred during the prosecution of the case and, if known, would have prevented the entered judgment. *People v. Thomas*, 364 Ill. App. 3d 91, 98, 845 N.E.2d 842, 850 (2006); 735 ILCS 5/2-1401 (West 2016). To obtain relief under section 2-1401, a petitioner must prove by a preponderance of the evidence both (1) a meritorious defense or claim would have precluded the judgment and (2) the petitioner used diligence in discovering the claim and filing the petition. *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007). "The filing of a section 2-1401 petition is considered a new proceeding, not a continuation of the old one." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102, 776 N.E.2d 195, 200 (2002). Additionally, issues adjudicated on direct appeal or in a previous collateral proceeding are barred by *res judicata*, and issues that could have been raised but were not are forfeited. *People v. Tate*, 2012 IL 112214, ¶ 8, 980 N.E.2d 1100.

¶ 19        "Ordinarily, a petition seeking relief under section 2-1401 must be filed more than 30 days from entry of the final order but not more than 2 years after that entry." *People v. Thompson*, 2015 IL 118151, ¶ 28, 43 N.E.3d 984 (citing 735 ILCS 5/2-1401(a), (c) (West 2010)). However, a claim that a judgment is void may be challenged at any time. *Id.* ¶ 29. A judgment is void if (1) the trial court lacked person or subject matter jurisdiction or (2) it is based on a facially unconstitutional statute that is void *ab initio*. *Id.* ¶¶ 31, 32. We review the trial court's dismissal of a section 2-1401 petition *de novo*. *Vincent*, 226 Ill. 2d at 18.

¶ 20                                         B. DUI Case

¶ 21        Defendant argues, for the first time on appeal, the Douglas County circuit court erred in denying his section 2-1401 petition in the DUI case because newly discovered evidence

shows he was unfit to stand trial, and therefore his DUI conviction must be vacated. Specifically, defendant argues the document from McFarland shows he was diagnosed and treated for schizophrenia in 2007, disproving Dr. Boyd's finding he was fit to stand trial.

¶ 22 Defendant's claim is forfeited because it was not raised in his section 2-1401 petition. In the petition, defendant's only claim related to the fitness examination was that his trial counsel's motion for a fitness examination was untimely without defendant's diagnosis of schizophrenia by a doctor; in contrast, defendant argues in this appeal his prior schizophrenia diagnosis disproved Dr. Boyd's fitness report. Generally, claims not before the trial court cannot be raised for the first time on appeal, and defendant does not allege his convictions are void based on (1) the trial court's lack of personal or subject matter jurisdiction or (2) a facially unconstitutional statute that is void *ab initio*. Defendant's claim his convictions are void based on the "newly discovered" evidence of his prior schizophrenia diagnosis is not a type recognized by Illinois courts as exempt from the typical procedural bars of section 2-1401. See *Thompson*, 2015 IL 118151, ¶¶ 34, 39.

¶ 23 Defendant's claim his trial counsel's motion for a fitness examination was "untimely" without his schizophrenia diagnosis is barred by *res judicata*. Defendant raised a number of claims related to the fitness examination in his initial section 2-1401 petition filed in June 2015, which the Douglas County circuit court denied on the merits. Defendant appealed, and this court affirmed. *Turner*, 2018 IL App (4th) 150643-U, ¶ 24. Defendant cannot now, in this collateral proceeding, relitigate the circuit court's denial of his initial petition in a prior collateral proceeding. See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467, 889 N.E.2d 210, 213 (2008) ("The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of

competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.") (Internal quotation marks omitted.).

¶ 24　　　　　Finally, we agree with the State defendant's petition failed to state a meritorious claim or defense. First, the claim raised in defendant's petition—his trial counsel's motion for a fitness examination was untimely without his schizophrenia diagnosis—is essentially an ineffective assistance of counsel claim, which is not cognizable in a section 2-1401 petition. *People v. Pinkonsly*, 207 Ill. 2d 555, 567, 802 N.E.2d 236, 244 (2003) ("[S]ection 2-1401 proceedings are not an appropriate forum for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment."). Additionally, the fact defendant was previously diagnosed with schizophrenia and was prescribed medication does not, standing alone, raise a *bona fide* doubt as to defendant's fitness. See, *e.g.*, *People v. Haynes*, 192 Ill. 2d 437, 475, 737 N.E.2d 169, 190 (2000) (concluding evidence the defendant was diagnosed with schizophrenia 12 years earlier was not "particularly relevant" to the question of the defendant's fitness at the time of trial); 725 ILCS 5/104-21(a) (2010) ("A defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs or medications."). The question of fitness is whether the "defendant could understand the proceedings and cooperate with counsel," (*People v. Harris*, 206 Ill. 2d 293, 305, 794 N.E.2d 181, 190 (2002)) and defendant fails to allege any facts showing his 2007 schizophrenia diagnosis rendered him unable to understand the proceedings and cooperate with counsel. See *id.* ("Fitness speaks only to a person's ability to function within the context of a trial. It does not refer to sanity or competence in other areas.") (Internal quotation marks omitted.). We conclude the Douglas County circuit court's dismissal of defendant's section 2-1401 petition was proper.

¶ 25　　　　　　　　　　　　　　C. DWS Case

¶ 26 Defendant additionally argues "if the DUI is vacated[,] then the inextricably intertwined driving while license suspended conviction is void" and should be vacated. According to defendant, without a statutory summary suspension on which to base the conviction for driving while his license was suspended, "there is no probable cause and nothing to warrant a[ ] charge, arrest, and conviction for driving while license suspended."

¶ 27 We agree with the State the Coles County circuit court did not err when it dismissed defendant's petition in the DWS case because his assertion his DWS conviction must be vacated if his DUI is vacated does not raise a meritorious claim or defense. "The dismissal of a criminal charge does *not* result in an automatic rescission of the suspension." (Emphasis in original.) *People v. Schaefer*, 154 Ill. 2d 250, 257-58, 609 N.E.2d 329, 332 (1993). Because this court has already determined the Douglas County circuit court properly dismissed defendant's petition in the DUI case, and defendant argues no other grounds for relief, we conclude dismissal of defendant's petition in the DWS case was also proper.

¶ 28                                     III. CONCLUSION

¶ 29 For the reasons stated, we affirm the judgments of the Douglas County and Coles County circuit courts.

¶ 30 Affirmed.