653 N.E.2d 1 (1995)
273 Ill.App.3d 1012
210 Ill.Dec. 414
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Kimberly LAGOWSKI, Defendant-Appellant.
No. 1-93-1853.
Appellate Court of Illinois, First District, Fifth Division.
March 10, 1995.
As Modified on Denial of Rehearing July 21, 1995.
Joseph K. Luby & Thomas C. Brandstrader, Mount Prospect, for appellant.
Renee Goldfarb, Michael Golden, Cook County State's Attys., Chicago, for appellee.

MODIFIED UPON DENIAL OF REHEARING
Justice THOMAS J. O'BRIEN delivered the opinion of the court:
Defendant, Kimberly Lagowski, appeals from an order of the circuit court which denied her motion to dismiss the summary suspension of her driving privileges. On appeal, she contends the circuit court erred in denying her motion because the hearing she requested was untimely held. This court initially affirmed the circuit court's decision in an unpublished order. (People v. Lagowski (1st Dist.1994), No. 93-1853 (unpublished order under Supreme Court Rule 23).) Our *2 supreme court allowed defendant's petition for leave to appeal (People v. Lagowski (1994), 157 Ill.2d 513, 203 Ill.Dec. 797, 640 N.E.2d 947, appeal granted) and subsequently ordered this court to reconsider our judgment in light of People v. Schaefer (1993), 154 Ill.2d 250, 182 Ill.Dec. 26, 609 N.E.2d 329. We again affirm the circuit court's order.
On January 24, 1993, at 1:45 a.m., an Elk Grove police officer issued defendant traffic citations for improper lane usage, illegal transportation of alcohol, and driving under the influence of alcohol. After defendant declined to take a breath test, the officer issued a warning that her driving privileges would be suspended. The court appearance date listed on the citations was March 5, 1993. The Secretary of State sent defendant confirmation of the statutory suspension, indicating that it would take effect on March 11, 1993.
On January 29, 1993, defendant filed a petition to rescind the summary suspension and requested a hearing pursuant to section 2-118.1(b) of the Illinois Vehicle Code. (Ill. Rev.Stat.1991, ch. 95½, par. 2-118.1(b).) On March 5, 1993, the first appearance date indicated on defendant's traffic citation, she appeared in court and moved to dismiss the statutory summary suspension on the ground that she had been denied due process of law when the rescission hearing she had requested was not held within 30 days of her request. The circuit court confirmed the summary suspension.
Defendant claims section 2-118.1(b) requires the circuit court to conduct a hearing within 30 days of her request. (See Ill.Rev. Stat.1991, ch. 95½ par. 2-118.1(b).) The State maintains the statute requires a hearing either within 30 days of the defendant's request or on the first appearance date. The State insists the circuit court complied with the statute by holding the hearing on the latter date.
The statutory summary suspension is an administrative function of the Secretary of the State. (People v. Schaefer, 154 Ill.2d at 256, 182 Ill.Dec. 26, 609 N.E.2d 329.) The hearing is a civil proceeding, separate and apart from the criminal hearing regarding the charge of driving while under the influence of alcohol. (People v. Schaefer, 154 Ill.2d at 257, 182 Ill.Dec. 26, 609 N.E.2d 329.) In fact, the dismissal of the criminal charge does not result in the automatic rescission of the suspension. (People v. Schaefer, 154 Ill.2d at 257-58, 182 Ill.Dec. 26, 609 N.E.2d 329.) Section 2-118.1(b) provides in pertinent part that
"[u]pon the notice of statutory suspension * * *, the person may make a written request for a judicial hearing in the circuit court of venue * * *. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket * * *, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension." (Ill.Rev.Stat.1991, ch. 95½ par. 2-118.1(b).)
The supreme court has held that section 2-118.1(b) created two alternative dates for a hearing on a defendant's challenge to the summary suspension: (1) on the first court date set in the traffic citation issued to the motorist; or (2) within 30 days of a defendant's written request for a hearing on her petition to rescind. (People v. Schaefer, 154 Ill.2d at 253, 182 Ill.Dec. 26, 609 N.E.2d 329, citing People v. Gerke (1988), 123 Ill.2d 85, 121 Ill.Dec. 262, 525 N.E.2d 68.) The court recognized that the motion to rescind made on the court date set by the traffic citation could be oral or written. (People v. Schaefer, 154 Ill.2d at 253, 182 Ill.Dec. 26, 609 N.E.2d 329.) However, once a motorist files a proper petition for the administrative hearing with the clerk of the appropriate circuit court, the 30 day statutory period commences. (People v. Schaefer, 154 Ill.2d at 261, 182 Ill.Dec. 26, 609 N.E.2d 329.) The hearing must be held within 30 days of the filing "`unless delay is occasioned by the defendant'" (Emphasis in original) (People v. Schaefer, 154 Ill.2d at 262, 182 Ill.Dec. 26, 609 N.E.2d 329, quoting In re Summary Suspension of Driver's License of Trainor (1987), 156 Ill.App.3d 918, 923, 109 Ill.Dec. 746, 510 N.E.2d 614.) If the hearing is not timely held, due process requires that the summary suspension of the motorist's driving *3 privileges must be rescinded. People v. Schaefer, 154 Ill.2d at 260, 182 Ill.Dec. 26, 609 N.E.2d 329.
In People v. Schaefer, the supreme court consolidated three cases involving defendants who had filed petitions for the judicial hearing to rescind the summary suspension. In each case, the hearing was held beyond the 30 day period mandated by statute, and, in each case but one, the court concluded that the untimely hearing failed to comport with due process. (People v. Schaefer, 154 Ill.2d at 261, 264, 182 Ill.Dec. 26, 609 N.E.2d 329.) In the case involving defendant Jack Puckett, Puckett filed his petition and requested a hearing date from the clerk of the circuit court. However, the hearing was not set at that time. Rather, the clerk informed Puckett that the clerk's office would set the hearing and send out notice. No hearing was ever set, and after 30 days had passed Puckett filed a motion to rescind the suspension of his driving privileges due to the lack of a timely hearing. The circuit court granted the motion. The supreme court upheld the dismissal, concluding
"that the 30 day period [applicable to petitions to rescind statutory summary suspension of driver's license] commences on the date of the filing of a proper petition to rescind in the circuit court of venue, with service on the State, in accordance with the rules of this court. The burden to set the court hearing date would then shift to the State." (Emphasis added.) People v. Schaefer, 154 Ill.2d at 261, 182 Ill.Dec. 26, 609 N.E.2d 329.
In the case of defendant Harold Schaefer, in which the summary suspension was upheld, the court held that Schaefer had not complied with all the requirements of the statute and had occasioned the delay. (People v. Schaefer 154 Ill.2d at 268-70, 182 Ill. Dec. 26, 609 N.E.2d 329.) Specifically, Schaefer filed his petition to rescind the statutory suspension on October 5, 1989. Fifteen days later, Schaefer filed a notice of motion which indicated several motions, including the petition to rescind the suspension, would be called for a hearing on October 31, 1989.
At the hearing held on that date, the circuit court noted all of defendant's motions, but did not mention the petition to rescind. The prosecutor specifically asked if such a petition was before the court. The circuit judge stated that she did not see a petition in the file. Schaefer's attorney did not inform the court to the contrary, and the matter was continued until November 16, 1989. Defendant later advanced the hearing to November 14, 1989. At the hearing, Schaefer did not present his petition nor did he request a ruling on it. At the conclusion of the November 14 hearing, the matter was continued to December 4, 1989, with the agreement of the parties. On that date, defense counsel failed to appear, and the court continued the case to January 3, 1990. On December 11, 1989, Schaefer appeared before the court and moved for the rescission of the suspension for lack of a timely hearing. The circuit court granted the motion. The supreme court affirmed the appellate's court's reversal because defendant's conduct in failing to apprise the circuit court of the petition's filing and in agreeing to the continuances caused the delay.[1]People v. Schaefer, 154 Ill.2d at 270, 182 Ill.Dec. 26, 609 N.E.2d 329.
In the present case, defendant filed a written petition to rescind the summary suspension of driving privileges with the clerk of the circuit court of venue well before the date listed on the citations as the first court appearance. However, defendant's "Notice of Motion" and "Proof of Service" state:
"PLEASE TAKE NOTICE that on March 5, 1993, at 9:00 A.M. or thereafter as counsel may be heard, I shall appear before the Honorable Presiding Judge, in Room 105, Third District, in the Circuit Court of Cook County, Rolling Meadows, Illinois, and then and there appear for a hearing on the attached Petition to Rescind Statutory Summary Suspension, a copy of which is served upon you herewith.

* * * * * *

*4 PROOF OF SERVICE

I, [attorney], certify that I served this Notice by depositing same in the U.S. Mail, on January 30, 1993, with proper postage prepaid." (Emphasis added.) Thus, the hearing was set for the first appearance date listed on defendant's traffic citationMarch 5. That date, of which defendant here complains, was elected by defendant herself. The State could not have undertaken its burden of scheduling the hearing (People v. Schaefer, 154 Ill.2d at 261, 182 Ill.Dec. 26, 609 N.E.2d 329), in this case because defendant had done so. We do not interpret People v. Schaefer to place an unconditional burden upon the State to set a hearing date within 30 days of receipt of the motion where the defendant herself notices the petition for a hearing on a date beyond the 30 day period. From all appearances, defendant's "Notice of Motion" implies that she willingly had elected the date of the first court appearance which is allowed under section 2-118.1(b) even though it was beyond the 30 day requirement. Thus, it appeared that she had abandoned her right to the earlier date which section 2-118.1(b) permits. This fact, in our opinion, makes defendant's case more analogous to that of defendant Schaefer rather than to that of defendant Puckett in People v. Schaefer. Here, it was defendant's own conduct in electing the March 5 date which caused the hearing to be held more than 30 days after the petition was filed.[2] If the State's burden to set a date is unconditional, the supreme court would not have recognized an exception where a defendant's conduct "contributed to the delay." People v. Schaefer, 154 Ill.2d at 271, 182 Ill.Dec. 26, 609 N.E.2d 329.
Defendant additionally argues that the petition filed is a mere form supplied by the circuit court clerk and that defendant was "not free to elect or select any date but must by circuit court rule set out the date assigned by the police officer." Nothing in the record supports this argument. To the contrary, the instructions at the bottom of the form petition state in part: "The hearing may be conducted upon a review by the court of the law enforcement officer's own official reports; provided however, that you may subpoena the arresting officer if you so desire." (Emphasis added.) This language clearly indicates that a defendant is not bound to select the date assigned by the arresting officer, but may choose any date and may subpoena the arresting officer if the defendant so chooses.
For these reasons, the circuit court's order is affirmed.
Affirmed.
GORDON and McNULTY, JJ., concur.
NOTES
[1] We note that Schaefer also failed to file a proper petition to rescind the statutory summary suspension because it did not contain a certificate of service in accordance with Supreme Court Rules 11 and 12. People v. Schaefer, 154 Ill.2d at 268, 182 Ill.Dec. 26, 609 N.E.2d 329.
[2] We distinguish this case from a situation where a defendant files a petition with an attached proof of service, but no notice of motion is included.