No. 2--06--0550          Filed:  6-29-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--DT--5286 |
| THOMAS J. BROWN, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the opinion of the court:

The driving privileges of defendant, Thomas J. Brown, were summarily suspended when, after his arrest for driving while under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2004)), he refused to submit to chemical testing to determine his blood-alcohol concentration. Defendant petitioned to rescind the suspension, subsequently moved to voluntarily dismiss that petition, and requested leave to file a motion to quash his arrest and suppress the evidence seized. The trial court granted the motion to voluntarily dismiss the petition and set a hearing date for the motion to quash and suppress. The hearing on the motion to quash and suppress was scheduled to take place almost two months later. The day after the petition to rescind was voluntarily dismissed, defendant refiled the petition and served notice of the refiled petition on the clerk of the court and the State. On the date set for a hearing on defendant's motion to quash and suppress, defendant moved to dismiss his summary suspension because he was not given a hearing within 30 days after

he refiled his petition to rescind. See 625 ILCS 5/2--118.1(b) (West 2004). The trial court denied the motion to dismiss, and, following a hearing on the refiled petition, the court denied the petition to rescind. On appeal, defendant contends that the 30-day period during which a defendant must be afforded a hearing on a petition to rescind applies when a defendant refiles the petition. We agree, and, thus, we reverse.

On November 19, 2005, defendant was arrested for DUI. Because defendant refused to submit to chemical testing to determine his blood-alcohol concentration, the arresting officer informed defendant that his driving privileges would be suspended (see 625 ILCS 5/11--501.1(d) (West 2004)). Defendant petitioned to rescind his summary suspension on November 22, 2005. On December 14, 2005, the first appearance date, the State was prepared to proceed on the petition to rescind. Defendant moved for a continuance, and the cause was continued to December 28, 2005. On December 28, 2005, the State again answered ready to proceed on defendant's petition to rescind. Defendant moved for another continuance, and the cause was continued to January 11, 2006. On January 11, 2006, defendant and the State agreed to continue the cause to February 8, 2006. On February 8, 2006, the State was prepared to proceed on defendant's petition to rescind, but defendant moved to voluntarily dismiss his petition and sought leave to file a motion to quash his arrest and suppress the evidence seized. The trial court granted defendant's motion to voluntarily dismiss the petition to rescind and gave defendant leave to file a motion to quash and suppress. The cause was continued to April 5, 2006, for a hearing on defendant's motion to quash and suppress.

On February 9, 2006, the day after defendant voluntarily dismissed his petition, defendant filed a motion to quash his arrest and suppress the evidence seized, and he also refiled a petition to rescind the summary suspension. Defendant's refiled petition was identical to his original petition. Defendant

served notice of the refiled petition on the trial court and the State by hand-delivering a copy of the petition to each of them.

On April 5, 2006, the next scheduled court date, defendant asked for a continuance on his motion to quash and suppress, but he moved to dismiss the summary suspension, because he was not given a hearing within 30 days after February 9, 2006. See 625 ILCS 5/2--118.1(b) (West 2004). The trial court found that a dismissal on that ground was unwarranted, noting, among other things, that defendant intentionally manipulated the court's schedule, he agreed to the court date of April 5, 2006, which was outside of the 30-day period, and, thus, he could not complain that he was not given a timely hearing on his petition to rescind. Following a hearing on the refiled petition, the trial court denied defendant's petition to rescind. This timely appeal followed.

On appeal, defendant contends that the 30-day time limit in section 2--118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2--118.1(b) (West 2004)) applies to refiled petitions to rescind statutory summary suspensions. We review this issue de novo. People v. McClure, 218 Ill. 2d 375, 381 (2006) (court considers questions of law de novo).

In addressing the issue raised on appeal, we first observe that a defendant whose driving privileges have been summarily suspended may refile a petition to rescind pursuant to section 13--217 of the Code of Civil Procedure (735 ILCS 5/13--217 (West 2004)). McClure, 218 Ill. 2d at 382. In coming to this conclusion, our supreme court held that section 2--118.1(b) contemplates both a limitations period and a saving clause. McClure, 218 Ill. 2d at 388. Our supreme court recognized that allowing motorists to withdraw rescission petitions only to refile them months later pursuant to section 13--217 appears to thwart the goal, embodied in section 2--118.1(b), that license suspension proceedings be swift and of limited scope. Nevertheless, the clear language of section 2--118.1(b)

permits such a result. McClure, 218 Ill. 2d at 388. In light of this interpretation of section 2--118.1(b), we examine whether the 30-day time limit in section 2--118.1(b) applies to refiled petitions.

A determination of whether the 30-day time limit applies to refiled petitions to rescind necessarily begins with examining section 2--118.1(b) of the Code, which provides:

"Within 90 days after the notice of statutory summary suspension served under Section 11--501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11--501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction." 625 ILCS 5/2--118.1(b) (West 2004).

In interpreting section 2--118.1(b) of the Code, we must ascertain and give effect to the legislature's intent. People v. Bywater, 223 Ill. 2d 477, 481 (2006). The best indication of the legislature's intent is the language used in the statute, which must be given its plain and ordinary meaning. McClure, 218 Ill. 2d at 382. When the statutory language is unambiguous, courts must construe the statute as written, without resorting to other aids of construction. Bywater, 223 Ill. 2d at 481. Courts must construe the statute as a whole, bearing in mind the subject that the statute addresses and the legislature's apparent objective in enacting it. Bywater, 223 Ill. 2d at 481-82. Nevertheless, in so doing, a court should not read into the statute exceptions, limitations, or conditions for which the legislature did not provide. McClure, 218 Ill. 2d at 382.

Section 2--118.1(b) of the Code is unambiguous (McClure, 218 Ill. 2d at 388), and it provides that a defendant "shall" be given a hearing. The word "shall" conveys that the legislature intended

to impose a mandatory obligation. McClure, 218 Ill. 2d at 382. That obligation is fulfilled when the defendant has a hearing on his petition to rescind within 30 days after it is received in the circuit court, with service on the State. See Bywater, 223 Ill. 2d at 486. Nothing in section 2--118.1(b) excludes from the 30-day time limit refiled petitions to rescind. More importantly, attaching the 30-day limit to refiled petitions is consistent with the recognition that the saving provision of section 13--217 is applicable to section 2--118.1(b). An action that is refiled pursuant to section 13--217 is a new action, not a reinstatement of the old action. Dubina v. Mesirow Realty Development, Inc., 178 Ill. 2d 496, 504 (1997). "The original and refiled actions are completely distinct actions." Dubina, 178 Ill. 2d at 504. Put another way, to constrict the 30-day period, as the dissent suggests, would be inconsistent with the purpose of section 13--217 as expressed in McClure. Thus, we conclude that the 30-day time limit in section 2--118.1(b) applied to defendant's refiled petition to rescind.

Here, because defendant served the trial court and the State with a copy of the petition, the 30-day time period within which defendant was entitled to a hearing began to run on February 9, 2006, the date the trial court received the petition. Bywater, 223 Ill. 2d at 486. No such hearing was ever held between February 9, 2006, and 30 days thereafter. As a result, on April 5, 2006, the next scheduled court date, defendant moved to dismiss the statutory summary suspension of his driving privileges. The trial court should have granted that motion.

The dissent urges a blanket rule that, once a defendant has delayed the hearing beyond the 30-day time limit on his original petition, he has abandoned the right to enforce a timely hearing on his refiled petition. For the reasons we set forth above, this approach is inconsistent with McClure. Moreover, the rule favored by the dissent does not differentiate between delays perpetrated by gamesmanship and those due to legitimate reasons, such as the hospitalization of the defendant, for

example. Further, we believe it would be unnecessarily burdensome for a trial court to have to stop to calculate the days remaining within the 30-day period under the original petition.

Citing People v. Schaefer, 154 Ill. 2d 250 (1993), and People v. Lagowski, 273 Ill. App. 3d 1012 (1995), the State claims that the trial court correctly denied defendant's motion to dismiss. In both Schaefer and Lagowski, the courts recognized that there exists an exception to the rule that a defendant must be afforded a hearing within 30 days after filing his petition to rescind. Schaefer, 154 Ill. 2d at 270; Lagowski, 273 Ill. App. 3d at 1016. That is, a defendant is not entitled to a hearing within 30 days after filing the petition if the defendant's own conduct caused the delay. Schaefer, 154 Ill. 2d at 270; Lagowski, 273 Ill. App. 3d at 1016. The State claims that defendant was not entitled to a hearing within 30 days after February 9, 2006, because, when he decided to dismiss his petition to rescind at the February 8, 2006, hearing and refiled his petition the very next day, knowing that the next court date of April 5, 2006, was beyond the 30-day limit, defendant caused the delay of which he now complains. We find neither Schaefer nor Lagowski persuasive.

In Schaefer, defense counsel filed numerous pleadings in the defendant's DUI case. Schaefer, 154 Ill. 2d at 265. One of these pleadings was a petition to rescind the statutory summary suspension of the defendant's driving privileges. When the defendant's case was called at subsequent hearings, both the trial court and the State asked whether the defendant had petitioned to rescind his statutory summary suspension, as the record before them revealed that no such petition had been filed. Instead of informing the trial court and the State that he had filed a petition to rescind on the defendant's behalf, defense counsel stood mute or advised the court and the State that he would not respond to any questions. When more than 30 days had passed from the date that defense counsel filed the petition to rescind, counsel moved to dismiss the summary suspension. Although the trial court was

bothered by defense counsel's conduct and believed that counsel's actions constituted an improper practice, it granted the motion because the defendant had petitioned to rescind his suspension more than 30 days earlier. On appeal, our supreme court determined that the defendant's motion to dismiss should have been denied, because the defendant, by not informing the trial court and the State that a petition to rescind had been filed, caused the hearing on the petition to be delayed beyond the 30-day time limit. Schaefer, 154 Ill. 2d at 270.

Similarly, in Lagowski, the defendant petitioned to rescind the statutory summary suspension of her driving privileges and noticed the petition for a hearing on a date that was beyond the 30-day time limit. Lagowski, 273 Ill. App. 3d at 1016-17. On the hearing date that the defendant chose, the defendant moved to dismiss her statutory summary suspension because she was not given a hearing within the 30 days following the filing of her petition to rescind. The trial court denied the motion to dismiss, and the appellate court affirmed, noting that the defendant's conduct caused the hearing on the petition to rescind to be delayed. Lagowski, 273 Ill. App. 3d at 1014, 1016. That is, by selecting a hearing date beyond the 30-day limit and, thus, preventing the State from undertaking its burden to set a hearing date, the defendant could not complain that her hearing was held more than 30 days after the petition to rescind had been filed. Lagowski, 273 Ill. App. 3d at 1016.

Here, in contrast to Schaefer, defense counsel did nothing to prevent the trial court from conducting a hearing within 30 days of February 9, 2006. Neither the trial court nor the State ever inquired about the existence of a refiled petition, a copy of which defendant had hand-delivered to both the trial court and the State, and defense counsel did not hide from the court or the State the fact that he refiled defendant's petition to rescind. Moreover, unlike Lagowski, nothing indicates that defendant chose April 5, 2006, as the date for a hearing on his refiled petition to rescind. Rather, the

April 5, 2006, court date was set on February 8, 2006, as the date for a hearing on defendant's motion to quash and suppress.

The dissent also relies on <u>Schaefer</u> and <u>Lagowski</u>. This reliance is misplaced because both of those cases involved delays of the hearings on the original petitions. Neither case involved a refiled petition.

Because defendant properly filed a written request to rescind the statutory summary suspension of his driver's license in the circuit court of venue pursuant to section 2--118.1(b) of the Code (625 ILCS 5/2--118.1(b) (West 2004)), and because he properly and timely served the State with that request, the language of the statute required that his hearing be held in the circuit court of venue within 30 days. Because defendant did not get that hearing within 30 days, this court must reverse the judgment of the circuit court. Accordingly, this cause is remanded to the circuit court with the direction that an order be entered granting defendant's motion to dismiss.

Reversed and remanded with directions.

GILLERAN JOHNSON, J., concurs.

JUSTICE BOWMAN, dissenting:

I respectfully dissent. The majority holds that the 30-day time limit in section 2--118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2--118.1(b) (West 2004)) applies to refiled petitions to rescind statutory summary suspensions, despite the fact that defendant's own conduct caused him not to have a hearing within 30 days. For the following reasons, I would affirm the trial court's decision denying defendant's motion to dismiss.

Section 118.1(b) states as follows:

"Within 90 days after the notice of statutory summary suspension ***, the person may make a written request for a judicial hearing in the circuit court of venue. *** Within 30 days after receipt of the written request *** the hearing shall be conducted by the circuit court having jurisdiction." (Emphasis added.) 625 ILCS 5/2--118.1(b) (West 2004).

Our supreme court has stated that in order to comply with due process requirements, " 'the hearing required in section 2--118.1(b) must be held within the 30 days unless delay is occasioned by the defendant.' " (Emphasis in original.) People v. Schaefer, 154 Ill. 2d 250, 262 (1993), quoting In re Summary Suspension of Driver's License of Trainor, 156 Ill. App. 3d 918, 923 (1987). In other words, a defendant is not entitled to a hearing within 30 days after filing the petition if the defendant's own conduct caused the delay. Schaefer, 154 Ill. App. 3d at 270. Because defendant's own conduct caused the delay in this case, the trial court properly denied his motion to dismiss.

In reviewing the procedural history, the record shows that the State was ready to proceed on defendant's original petition on three occasions. Defendant filed his original petition on November 22, 2005, and the State answered ready on December 14, 2005, the first appearance date, and on December 28, 2005. However, defendant moved for continuances on these two dates. On January 11, 2006, defendant and the State agreed to continue the cause to February 8, 2006. On February 8, 2006, the State again answered ready to proceed on his petition, but defendant moved to voluntarily dismiss his petition and sought leave to file a motion to quash his arrest and suppress the evidence seized. The trial court dismissed defendant's petition to rescind and granted him leave to file a motion to quash and suppress. The cause was continued to April 5, 2006, for a hearing on defendant's motion to quash and suppress. On February 9, 2006, the day after he voluntarily dismissed his petition to rescind, defendant refiled an identical petition to rescind, knowing that the

next court date set for the cause was more than 30 days later (April 5, 2006). Because defendant's conduct (i.e. requesting continuances, voluntarily dismissing his original petition, and refiling an identical petition the next day) caused him to not have a hearing within 30 days, he is not entitled to a dismissal of his statutory summary suspension.

The majority characterizes the issue as whether the 30-day time limit in section 2--118.1(b) applies to refiled petitions to rescind. According to the majority, "[n]othing in section 2--118.1(b) excludes from the 30-day time limit refiled petitions to rescind." Slip op. at 5. However, the converse is also true: there is nothing in the statute that extends the 30-day time limit to refiled petitions. More importantly, the majority overlooks the real issue in this case, which is whether defendant's conduct caused the delay. In holding that a refiled petition triggers a new 30-day time limit, the majority ignores defendant's conduct up until the refiled petition. Although the State answered ready three times on defendant's original petition, and defendant was responsible for the delay, the majority faults the State for not conducting a hearing within 30 days on the refiled petition. I disagree with this reasoning. The supreme court has construed section 2--118.1(b) in a way that champions the interests of both defendants and the State: a defendant retains the right to enforce a timely hearing under section 2--118.1(b) while the State is guaranteed at least 30 days to prepare for the hearing once that right is asserted. People v. Cosenza, 215 Ill. 2d 308, 316 (2005). Once defendant delayed the hearing beyond the 30-day time limit on his original petition, I believe that defendant abandoned the right to enforce a timely hearing on his refiled petition.

This conclusion is supported by Schaefer and People v. Lagowski, 273 Ill. App. 3d 1012 (1995), where the defendants' own conduct also caused them to abandon their rights to enforce hearings within the 30-day time limit. In Schaefer, the defendant filed a petition to rescind his

statutory summary suspension, but it did not appear in the record. Schaefer, 154 Ill. 2d at 265-67. When the parties appeared in court on other pleadings filed by the defendant, both the trial court and the State inquired whether the defendant had filed a petition to rescind. However, each time the matter was discussed, defense counsel either stood mute or advised the court and the State that he would not answer any questions. Schaefer, 154 Ill. 2d at 265-68. The defendant then moved to dismiss the summary suspension because he did not receive a hearing on his petition within 30 days. Schaefer, 154 Ill. 2d at 267. Because the defendant's own conduct contributed to the delay, the supreme court held that the defendant's motion to dismiss should have been denied. Schaefer, 154 Ill. 2d at 268. Similarly, in Lagowski, the defendant herself set a hearing date for her petition to rescind that was beyond the 30-day period. Lagowski, 273 Ill. App. 3d at 1016. The court held that because it was the defendant's own conduct that caused the hearing to be held more than 30 days after the petition was filed, she abandoned her right to the earlier date that section 2--118.1(b) allowed. Lagowski, 273 Ill. App. 3d at 1016. According to the court, "[i]f the State's burden to set a date [were] unconditional, the supreme court would not have recognized an exception where a defendant's conduct 'contributed to the delay.' " Lagowski, 273 Ill. App. 3d at 1016.

The majority attempts to distinguish Schaefer by stating that defense counsel in this case did nothing to prevent the trial court from conducting a hearing within 30 days of the refiled petition. However, as stated, the majority ignores all of defendant's conduct in delaying a hearing on the original petition and focuses exclusively on the time period following the refiled petition, as though the refiled petition somehow wiped the slate clean. Unlike the majority, I do not read the statute as placing an unconditional burden upon the State to set a hearing date within 30 days when the defendant himself abandoned the 30-day guarantee the first time around. Under the majority's

reasoning, a defendant is encouraged to manipulate the system by refiling a petition and starting the 30-day clock anew after causing the delay on the original petition. Moreover, when defendant refiled an identical petition to rescind the day after he voluntarily dismissed his original petition, he knew that the next court date was more than 30 days later. While the majority reasons that the April 5, 2006, court date applied only to defendant's motion to quash and suppress, this reasoning is based on the flawed premise that a refiled petition triggers a new 30-day time limit. The right to enforce a timely hearing did not extend to his refiled petition once he abandoned that right on his original petition.

The majority also attempts to distinguish Schaefer and Lagowski based on the fact that they did not involve refiled petitions. However, I do not believe that defendant's refiling of an identical petition entitles him to a different analysis. As previously mentioned, the majority's framing of the issue ignores whether defendant's own conduct prevented him from taking advantage of the 30-day time limit. Although the majority relies on McClure to support its interpretation, McClure made clear that the civil rule that governs refiling actions applies to petitions to rescind; it did not address whether the 30-day time limit in section 2--118.1(b) applies to refiled petitions. Thus, I do not agree that McClure compels the result reached by the majority; Schaefer and Lagowski are more instructive here.

As a final matter, I note that the majority characterizes this interpretation of section 2--118.1(b) as a "blanket rule" that does not differentiate between delays perpetrated by gamesmanship and those due to legitimate reasons. However, in this case, the trial court specifically found that defendant had "intentionally manipulated" the court's schedule by delaying the original petition, refiling an identical petition at the same time he filed a motion to quash and suppress, and agreeing to a court date outside of the 30-day period. By expanding the 30-day time limit to a refiled petition,

it is the majority who creates a "blanket rule" that allows and even encourages the sort of "gamesmanship" that occurred here. In short, I do not believe that defendant should be able to cause the hearing to be delayed beyond the 30-day period on his original petition, voluntarily dismiss that petition, refile an identical petition the next day, and then get a second bite at the 30-day time limit. Accordingly, I would affirm the decision of the trial court denying defendant's motion to dismiss.