2023 IL App (2d) 220053
No. 2-22-0053
Opinion filed January 17, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 20-DT-263 |
| ISRAEL H. V. BOYD, | ) ) | Honorable Joseph C. Pedersen, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Jorgensen and Kennedy concurred in the judgment and opinion.

OPINION

¶ 1    Defendant, Israel H. V. Boyd, was ticketed for driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2020)). Thereafter, the Secretary of State confirmed the statutory summary suspension of defendant's driving privileges. Defendant hired counsel, who petitioned to rescind the suspension, later withdrew the petition, and then refiled the same petition within one year. Both the State and defense counsel continued the hearing on the refiled petition numerous times. Finally, when the trial court continued the case—at the State's request—for what proved to be the last time, defense counsel agreed to the continuance date, noting that it fell within the 30 days in which the State must hold a hearing on a petition to rescind (see *id.* § 2-118.1(b)). However, on the continuance date, defense counsel moved for an automatic rescission of the

suspension, noting that 34 days attributable to the State had passed since the refiled petition to rescind was filed. The trial court granted the motion, the State moved to reconsider, and the court denied that motion. The State timely appeals. At issue is whether (1) defendant invited error when he agreed to a hearing date beyond the 30-day deadline, (2) the State forfeited any invited-error argument, and (3) any of the delays the court attributed to the State were properly attributable to defendant such that the State afforded defendant a timely hearing on the refiled petition and, thus, the automatic rescission of the suspension was erroneous. We (1) decline to find that the State forfeited its invited-error argument, as doing so would make a mockery of statutory summary suspension proceedings, and (2) conclude that at least some of the delay on the refiled petition was improperly attributed to the State, which made the automatic rescission erroneous. Accordingly, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3      On September 20, 2020, the police arrested defendant for DUI. In October 2020, the Secretary of State confirmed the statutory summary suspension of defendant's driving privileges.

¶ 4      Thereafter, defendant retained Ramsell & Associates, LLC (Ramsell & Associates), to represent him. On December 7, 2020, counsel petitioned to rescind the summary suspension. The trial court continued the hearing on the petition several times. On February 16, 2021, Todd McCartney, an associate at Ramsell & Associates, withdrew the petition. Proceedings on the criminal DUI charge proceeded.

¶ 5      On July 21, 2021, Nicholas Alvarez, another associate at Ramsell & Associates, appeared on defendant's behalf before Judge Phillip G. Montgomery. Alvarez asked for a hearing date on the petition to rescind the summary suspension. The State noted that McCartney had previously withdrawn the petition. Judge Montgomery agreed, stating:

"Yes. It was set numerous times. The officer was present numerous times and then your office, Mr. Alvarez, continued it a number of times, and then you withdrew the petition to rescind on February 16, 2021, and that's actually in the order as opposed to tolling *Trainor*."[1]

Alvarez stated that he understood, asserted that he could file another petition to rescind, and asked for a 30-day date so that he could talk to McCartney. On defendant's motion, the court set August 25, 2021—35 days later—as the next court date. At approximately 4 p.m. on July 21, 2021, Ramsell & Associates filed a petition to rescind on defendant's behalf. That petition was almost identical to the one filed on December 7, 2020.[2] Notice of the petition was served on the trial court and the State. On July 22, 2021, the State moved to set July 28, 2021, as the date for a hearing before Judge Montgomery. The State sent notice of the new hearing date to Ramsell & Associates.

¶ 6    On July 28, 2021, the case proceeded before Judge Montgomery. He announced the case name and number but did not have the parties announce their appearances. The transcript reflects that Donald Ramsell (Ramsell) appeared for defendant. Judge Montgomery stated:

---

[1]The court was referring to *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987) ("We hold that in order to comply with due process requirements, the hearing required in section 2-118.1 must be held within the 30 days unless delay is occasioned by the defendant, and failure to do so will require rescission of the suspension.").

[2]In our review, the two petitions differ only in formatting. The signature on the refiled petition appears to be Alvarez's.

"This is up for setting of the summary suspension hearing. The petition was filed. Well, the new petition was filed July 21st. This is an odd, so we'll go to August 17th at 1:30 in front of Judge [Joseph] Pedersen."

Judge Montgomery struck the August 25, 2021, court date. Neither Ramsell nor defendant (if present) spoke during the brief proceedings. The court's written order (1) indicates that Ramsell appeared for defendant, who was not present,[3] and (2) provides that the case was continued on the State's motion to August 17, 2021.

¶ 7       At the August 17, 2021, proceeding, Judge Pederson commented that defense counsel was not present. However, on Zoom, "[s]omebody [kept] popping up and then every time [the trial court] move[d] the mouse over their name they disappear[ed] so [the court did not] know." Also, because the police officer was not present, the State informed Judge Pedersen that it would have asked for a continuance if defense counsel had appeared. The State also noted that the officer had been present at other times. The State asked that the case be set before Judge Montgomery on September 22, 2021, asserting "[t]hat's the 30-day date." The written order reflects that the continuance was on defendant's motion.

¶ 8       On September 22, 2021, Ramsell appeared without defendant. Ramsell was confused about what had transpired in the case. He looked at his notes and stated that he was trying to figure out why his associate would be asking for a summary suspension hearing. Judge Montgomery explained that the case was up for a hearing on August 17, 2021; however, neither defendant nor anyone from Ramsell's office appeared in court that day, and the case was continued to September

_____

[3]The State claimed in its later pleadings that neither counsel nor defendant appeared on this date.

22, 2021, because the court and the State knew Ramsell had another case up on that date. Ramsell noted that he found all this odd, as his firm knew about the court date, and he "focus[es] on a hundred percent attendance." Ramsell asked for a hearing on a Wednesday in the middle or end of October. Judge Montgomery noted that a Wednesday date was impossible because "this is an odd [docket number] and so it would go in front of Judge Pedersen, and Judge Pedersen does his hearings on Tuesdays in the afternoon, but he's generally available any Tuesday that you would be available." Although Ramsell asserted that he did not have a preference and would take any date that was convenient for the court, he rejected an October 12, 2021, court date and asked for a later date. With Ramsell's agreement, the court set the case for October 26, 2021. The written order reflects that the case was continued on defendant's motion.

¶ 9    On October 26, 2021, Jason Kunowski, another associate at Ramsell & Associates, appeared in court with defendant. Because the State had just learned that the arresting officer was at a funeral, the State asked for a continuance, noting that it did not know how many days the State had delayed the hearing on the refiled petition.[4] Judge Pedersen explained:

> "Well, it looks like it was set for hearing on September 22nd for today. Was there a previous—there must have been a—I guess not, because that doesn't make sense, either. It looks like it was set for hearing on August 17th and then no one appeared on that date for some reason and it got reset back before Judge Montgomery and then it got set on September 22nd for today's date, so—and I don't see anything in the order about *Trainor*.

---

[4]Although the assistant state's attorney indicated that he was not the attorney assigned to the case, the record reflects that he had previously appeared in court on the case.

That's what I'm unclear about. I don't see any discussion of *Trainor*, but then I don't know what effect it has when the matter is set for hearing and the defendant and his attorney don't appear."

Kunowski suggested that there may have been confusion about whether the proceedings would occur in person or over Zoom. He then indicated that he "would think that the time from July 21st to August 17th *** would be on [the] State's time and then if a hearing is unable to be provided today, that would cause the *Trainor* period to begin to run again." Judge Pedersen asked, "So 20 days approximately have already run. Is that what your position is, counsel?" Kunowski replied, "Yeah, that would be my position, Judge. I'm double-checking my math here." Judge Pedersen asked, "Set it for next Tuesday [November 2, 2021,] if you're available." After the State indicated that that date would be acceptable, Kunowski asked, "[S]o that would be day 28?" Judge Pedersen replied, "Correct," noting that he could not give the parties another hearing date within 30 days besides November 2, 2021. The State replied, "All right." The court asked Kunowski, "Okay?" Kunowski responded, "Thank you, Judge." The written order provides that the case was continued on the State's motion.

¶ 10    On November 2, 2021, Kunowski told Judge Pedersen that, since the last court date, he had "checked the math" to see if more than 30 days attributable to the State had passed since the petition was refiled. Kunowski continued:

"If by my count we have the refile on July 21st of 2021 going through August 17th of 2021, that's 27 days. And then if we were to look at the—there's no mention of *Trainor* or I think there was an issue of being in person or being on Zoom on the August 17th date and then the matter was reset to October 26th. So, Your Honor, going from October 26, 2021, last

week until today, which is November 2, 2021, that would be seven days, so by that counting I would argue that today is day 34 and it's outside the statutory time frame for a hearing."

¶ 11    The State argued that any State-attributable delay after the refiled petition did not count, as the statutory 30-day period entitling a defendant to a hearing is inapplicable to refiled petitions. Citing *People v. McClure*, 218 Ill. 2d 375 (2006), and *People v. Brown*, 374 Ill. App. 3d 385 (2007), the trial court found the State's position incorrect. The State then commented that it "[did not] think [Kunowski's] math is wrong." The court then granted defendant's motion for an automatic rescission. Nothing in the record indicates whether the arresting officer was present on November 2, 2021.

¶ 12    The State moved the trial court to reconsider. The State acknowledged that defendant was entitled to a timely hearing on his refiled petition, but the State also noted that it was prepared more than once to give defendant a timely hearing on his first petition. Yet, defendant withdrew his first petition only to refile the same petition after he had obtained a date (August 25, 2021) that exceeded the 30-day deadline. Moreover, the State argued that the delay from July 28 to August 17, 2021, when defendant did not appear, was attributable to defendant because the State was ready to give defendant a hearing on July 28, 2021. Further, the State claimed that the delay from October 26 to November 2, 2021, when the arresting officer was at a funeral, was unrelated to either party. Alternatively, the State argued that, under the doctrine of laches, the trial court should have denied the petition to rescind because defendant knowingly delayed the proceedings and prejudiced the State.

¶ 13    At the hearing on the State's motion to reconsider, the State withdrew its laches argument. The court denied the State's motion, noting that more than 30 days attributable to the State passed from July 21 to November 2, 2021. In doing so, the trial court observed that there was some

"discrepancy" concerning whether Ramsell appeared in court on August 17, 2021. The court then noted that the State "would have been within its rights to request that the motion [*sic*] be stricken for want of prosecution and the Court likely would have granted that, but that request was not made." Thus, "the case was continued on the defendant's motion and then [the hearing] was eventually set during a time that was more than 30 days after when you attribute the time to the State after the petition was filed, excluding time that was attributed to the defendant."

¶ 14    The State timely appeals. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); *Village of Mundelein v. Thompson*, 341 Ill. App. 3d 842, 847 (2003).

¶ 15                                    II. ANALYSIS

¶ 16    At issue in this appeal is whether the trial court erred in rescinding the statutory summary suspension of defendant's driving privileges. Before considering that issue, we address defendant's claim that the State's invited-error argument is forfeited.

¶ 17    In its invited-error argument, the State claims that because defendant "accepted the November 2, 2021[,] hearing date after expressly stating his position that it was within the 30-day period," he is precluded from claiming now that his hearing was untimely. Defendant argues that the State forfeited its invited-error argument by failing to raise it below.

¶ 18    "A [party's] failure to object at trial and to raise [an] issue in a post-trial motion operates as a [forfeiture] of the right to raise the issue as a ground for reversal on review." *People v. Harvey*, 211 Ill. 2d 368, 385 (2004).

¶ 19    The invited-error doctrine provides that a party may not ask to proceed one way during trial court proceedings and then contend on appeal that proceeding that way was improper. *People v. Wilber*, 2020 IL App (2d) 180024, ¶ 17. "The rationale behind this well-established rule is that it would be manifestly unfair to allow a party a second trial upon the basis of error which that party

injected into the proceedings." *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). "To permit a [party] to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend all notions of fair play [citation], and encourage [parties] to become duplicitous." (Internal quotation marks omitted.) *People v. Moore*, 2021 IL App (2d) 200407, ¶ 33

¶ 20    We reject defendant's forfeiture argument. Forfeiture is a limit on the parties, not us. *People v. Van Syckle*, 2019 IL App (1st) 181410, ¶ 11. We decline to find forfeiture because "[d]efendant's instigation, participation in, and acceptance of the benefits of this invited error make a mockery of" statutory summary suspension proceedings. *Moore*, 2021 IL App (2d) 200407, ¶ 37. As an officer of the court, defense counsel must present the law as it exists, not just as it best serves his client. *Id.*

¶ 21    We turn now to the merits of this appeal. The trial court automatically rescinded the statutory summary suspension of defendant's driving privileges because the court determined that the State failed to give defendant a timely hearing. Whether defendant was afforded a timely hearing presents a question of law that we review *de novo*. *People v. Davis*, 2012 IL App (2d) 110581, ¶ 20.

¶ 22    Section 2-118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118.1(b) (West 2020)) governs hearings on petitions to rescind the statutory summary suspension of a defendant's driving privileges. It "provides that a defendant 'shall' be given a hearing on his petition to rescind within 30 days after the petition is received or on the first appearance date." *People v. Patel*, 2019 IL App (2d) 170766, ¶ 13 (quoting 625 ILCS 5/2-118.1(b) (West 2016)). The word "shall" denotes that the legislature imposed a mandatory obligation. *Id.* "That obligation is fulfilled when the defendant is given a timely hearing." *Id.* "The failure to comply with the requirements of section 2-118.1(b) [of the Code] results in the rescission of the suspension, unless the delay is 'occasioned

by the defendant.' " *Id.* (quoting *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987) (rescission is *required* when the defendant, through no fault of his own, is not given a timely hearing). That is, "a defendant is not entitled to a rescission if the defendant caused the hearing to be delayed." *People v. Moreland*, 2011 IL App (2d) 100699, ¶ 10. In determining whether a defendant received a timely hearing, "[c]ourts have analogized section 2-118.1(b) of the [Code] to the criminal speedy-trial statute." *Patel*, 2019 IL App (2d) 170766, ¶ 14.

¶ 23     Here, putting aside what transpired before defendant withdrew his first petition, defendant refiled his petition to rescind on July 21, 2021, triggering the statutory 30-day period in which defendant was entitled to have a hearing. *People v. Bywater*, 223 Ill. 2d 477, 486 (2006). The State set July 28, 2021, for a hearing on the petition to rescind.[5] The seven-day delay between July 21 and 28, 2021, was attributable to the State.[6] See *People v. Brummett*, 279 Ill. App. 3d 421, 425 (1996) (once a defendant files the petition to rescind, the burden shifts to the State to hold a timely hearing). On July 28, 2021, Ramsell apparently appeared without defendant. The trial court

_____

[5]Compare *People v. Brown*, 374 Ill. App. 3d 385 (2007), in which the State, after being served with the petition, failed to request a hearing date within 30 days, instead waiting for the next status date on the underlying DUI, which was outside 30 days of refiling, thus resulting in an automatic rescission. *Id.* at 388-89.

[6]The delay is calculated by excluding the first day and including the last day. *People v. Ribar*, 336 Ill. App. 3d 462, 463 (2003); see also 5 ILCS 70/1.11 (West 2020) ("The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last ***.").

continued the case to August 17, 2021 (20 days later), noting in the written order that the continuance was on the State's motion. On August 17, 2021, the arresting officer, defense counsel, and defendant did not appear. The court continued the case on defendant's motion to September 22, 2021. This 36-day delay was attributable to defendant. See *People v. Higgenbotham*, 2012 IL App (1st) 110434, ¶ 26 (in the speedy-trial context, the delay caused by the defendant's failure to appear is attributable to the defendant). On September 22, 2021, defendant again failed to appear, but defense counsel was present and asked for a continuance to October 26, 2021. This 34-day delay was also attributable to defendant. See *People v. Gooding*, 61 Ill. 2d 298, 301 (1975) (in a speedy-trial case, the delay caused by a continuance the defendant asked for is attributable to the defendant).

¶ 24    On October 26, 2022, the arresting officer failed to appear, as he was attending a funeral. The case was continued to November 2, 2021, seven days later, on the State's motion, with defendant agreeing that this hearing date would be timely. In continuing the case, the trial court asked Kunowski if he believed that "20 days approximately have already run," to which Kunowski replied, "Yeah, that would be my position, Judge. I'm double-checking my math here." At no point during the October 26 appearance did defense counsel indicate any change in his "math" or express any objection to setting a November 2 hearing, nor did he propose any earlier date. Based on defense counsel's agreement on the calculation, the trial court set November 2, 2021, as a hearing date, believing it to be day 28.[7]

---

[7]We presume that the arresting officer was present at the November 2, 2021, hearing date and that the State was prepared to proceed with a hearing, as neither party argues otherwise. See *People ex rel. Waller v. 1992 Oldsmobile Station Wagon*, *VIN IG3BP8376NW300058*, 265 Ill.

¶ 25    The above illustrates that the State was, without question, responsible for delaying the hearing for seven days (from July 21 to July 28, 2021). If, as the trial court found, the State was also responsible for the 20-day delay between July 28 and August 17, 2021, and the 7-day delay between October 26 and November 2, 2021, then defendant's motion to rescind made on November 2, 2021, was properly granted, as the State would have delayed the hearing for 34 days—4 days past the 30-day deadline. However, if defendant was responsible for either the 20-day delay between July 28 and August 17, 2021, or the 7-day delay between October 26 and November 2, 2021, the trial court should have denied defendant's motion to rescind, as the delay attributable to the State would have been only 14 days or 27 days, respectively.

¶ 26    *People v. Guillermo*, 2016 IL App (1st) 151799, is instructive in determining which party was responsible for the delay between October 26 and November 2, 2021. In *Guillermo*, on January 15, 2015, the defendant filed his petition to rescind the statutory summary suspension of his driving privileges. *Id.* ¶ 3. "On February 6, [2015,] the defendant and the State agreed to continue the matter to February 13[, 2015]." *Id.* On February 13, 2015, the trial court continued the matter to February 18, 2015, as the suspension of the defendant's driving privileges had not been confirmed. *Id.* On February 18, 2015, the defendant moved for an automatic rescission, claiming that 33 days had passed since he filed his petition to rescind. *Id.* ¶ 4. The court denied the motion, noting that the defendant agreed on February 6 to continue the case to February 13. *Id.* The defendant appealed, and the appellate court affirmed. *Id.* ¶¶ 7, 25. The appellate court asserted:

App. 3d 93, 96 (1994) ("[S]ince [the party contesting forfeiture] does not argue to the contrary, we presume that the car is forfeitable because it did facilitate the offense.").

"[W]e hold that the 7-day delay attributable to the continuance agreed to by the defendant, which occurred within the 30-day period, temporarily suspended the running of the period within which a hearing on the defendant's petition to rescind had to be held. [Citation]. As a result of the [7]-day delay, the rescission hearing had to be held on or before February 21, 2015. Because the hearing was held three days earlier, on February 18, 2015, the defendant was not entitled to a rescission of the statutory summary suspension on the basis that he was not afforded a hearing within the 30-day period as required pursuant to section 2-118.1(b) of the Code." *Id.* ¶ 25.

¶ 27 There is a stronger case here for attributing the delay between October 26 and November 2, 2021, to defendant than there was for attributing the delay in *Guillermo* to the defense. What makes this case stronger than *Guillermo* is that Kunowski affirmatively indicated on October 26 that only approximately 20 days had run at the time ("Yeah, that would be my position, Judge"), and thus, a hearing on November 2 would still be timely. In light of *Guillermo* and Kunowski's agreement to November 2, we conclude that the seven-day delay between October 26 and November 2, 2021, was attributable to defendant. Thus, excluding delays attributable to defendant and including the delays attributable to the State, defendant was afforded a hearing 27 days after defendant refiled his petition to rescind. Thus, the trial court should have denied defendant's motion for an automatic rescission.

¶ 28 Putting aside whatever may have occurred between July 21 and September 22, 2021, we believe that defendant affirmatively agreed to the court's statement that approximately 20 days had run. Although we believe that the State should have calculated for itself whether November 2, 2021, would have been a timely hearing date, we cannot overlook the fact that defendant acquiesced to the 20 days and setting the November 2, 2021, date. Further, defendant represented

to the court that, by his calculation, the hearing date would be timely. See *Harvey*, 211 Ill. 2d at 385 ("To permit a defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend all notions of fair play [citation], and encourage defendants to become duplicitous." (Internal quotations omitted.)).

¶ 29    In *Brown*, Justice Bowman's dissent recognized that the 30-day limit contained in section 2-118.1(b) of the Code benefits the defendant *and* the State: "[A] defendant retains the right to enforce a timely hearing under section 2-118.1(b) while the State is guaranteed at least 30 days to prepare for the hearing once that right is asserted." *Brown*, 374 Ill. App. 3d at 392 (Bowman, J., dissenting). Here, the automatic rescission of the statutory summary suspension of defendant's driving privileges was based on the trial court's setting of a hearing date upon a mistaken calculation of the 30 days. However, the setting of the date was based on defense counsel's agreement to a specific hearing date *and* his representation that a hearing on that date would be timely. Thus, the defense seeks to benefit from a type of deception (whether affirmative or passive, intentional or unintentional). We decline to approve such a deceptive practice because it would improperly skew statutory summary suspension proceedings in favor of defendants, which the law does not allow, and would encourage gamesmanship of a sort that would thwart the statute's primary purpose of promoting public safety on the roads while also ensuring swift hearings on petitions.

¶ 30    We determine that the seven-day delay between October 26 and November 2, 2021, was attributable to defendant. Thus, defendant's hearing was timely, and we need not consider if the delay between July 28 and August 17, 2021, was attributable to the State or defendant.

¶ 31                                    III. CONCLUSION

¶ 32    For the reasons stated, we reverse the judgment of the circuit court of De Kalb County and remand for hearing on the petition to rescind statutory summary suspension.

¶ 33    Reversed and remanded.

*People v. Boyd*, 2023 IL App (2d) 220053

| | |
|---|---|
| Decision Under Review: | Appeal from the Circuit Court of De Kalb County, No. 20-DT-263; the Hon. Joseph C. Pedersen, Judge, presiding. |
| Attorneys for Appellant: | Richard D. Amato, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and David S. Friedland, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Attorneys for Appellee: | Jason M. Kunowski, of Ramsell & Kunowski, L.L.C., of Wheaton, for appellee. |